JUSTICE GROVES and JUSTICE LEE do not participate.

## No. 80SA39

### Jackson Leroy Wiggins v. The People of the State of Colorado

(608 P.2d 348)

Decided March 24, 1980.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Thomas M. Van Cleave III, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Lynne Ford, Assistant Attorney General, for respondent.

*En Banc.*

Per Curiam

The petitioner was convicted of first-degree murder. Subsequent to his conviction, he filed a Crim. P. 35(b) motion for postconviction relief, which was denied by the trial court. An appeal was taken to the court of appeals, which affirmed the trial court's ruling on December 13, 1979. The time for filing a petition for rehearing under C.A.R. 40(a) expired, and the mandate of the court was issued. Shortly thereafter, the petitioner filed a "Motion for Extension of Time and Recall of Mandate" together with an untimely petition for rehearing. The motion was denied, and the petition was not accepted by the court of appeals.

The petitioner then filed a "Motion to Permit Filing of Petition for Writ of Certiorari" together with his petition here. This court, pursuant to C.A.R. 2, treated the motion as a petition for an original proceeding under C.A.R. 21, and issued a rule to show cause why the court of appeals

should not have granted the petitioner's motion for extension of time and entertained the petition for rehearing. We now discharge the rule.

### I.  Certiorari Jurisdiction

■ Section 13-4-108(1), C.R.S. 1973, and C.A.R. 52(b) both require a timely filing of a petition for rehearing in the court of appeals before this court will issue a writ of certiorari. Therefore, a petition for certiorari will not be entertained by this court in the absence of this prerequisite. *Honey V. Ranchers and Farmers Livestock Auction Co.,* 191 Colo. 503, 553 P.2d 799 (1976). Here, the court of appeals refused to accept the petitioner's untimely petition for rehearing. We issued a rule to show cause to consider whether or not there is a duty to accept an untimely petition for rehearing in the court of appeals.

### II.  Duty to Accept Untimely Petitions

■ C.A.R. 40(a) provides in pertinent part:
A petition for rehearing may be filed within fourteen days after entry of judgment *unless the time is shortened or enlarged by order* [of the court]. (Emphasis added.)
Nothing in the language of the rule would imply nor was it the intention of this court in drafting this language that there be a duty on the part of the appellate court to accept an untimely petition for rehearing. The only duty which the rule creates is that the court use its sound discretion in considering a request for an extention of time.

Here, in fact, the court of appeals was without jurisdiction to consider an extention of time to file a petition for rehearing since it had already issued its mandate. Thus, it could only grant the extension of time if it simultaneously recalled its mandate under C.A.R. 41.1. The petitioner filed a motion which did request that both actions be taken so that the petition for rehearing could be filed. We believe that there is a duty to exercise the same sound discretion for the consideration of the recall of a mandate as is required for the consideration of the request for the extention of time.

■ When this court reviews a lower court's action on an original proceeding in the nature of mandamus, relief will be granted only if that court fails to perform its duty. *Lindsey v. Carlton,* 44 Colo. 42, 48, 96 P. 997 (1908). *See generally Lamm v. Barber,* 192 Colo. 511, 565 P.2d 538 (1977). Here, the court of appeals performed its duty when it considered and rejected petitioner's request for recall of mandate and an extention of time.

Rule discharged.

JUSTICE GROVES and JUSTICE LEE do not participate.