L. Larry NANDREA and Ann T. Nandrea, Plaintiffs-Appellants,

v.

The BOARD OF COMMISSIONERS OF the COUNTY OF JEFFERSON, Defendant-Appellee,

and

John R. Lennon, Defendant and Third-Party Plaintiff-Appellee,

and

Edward W. Bennett, Leila J. Bennett, Kenneth E. Brewster, Henrietta S. Brewster, James E. Brown, Jean S. Brown, Thomas W. Burns, Lorraine A. Burns, Florence Dunn, Burton William Dunn, Roger Gump, Linda S. Holsman, John C. Hudson, Bessie F. Hudson, Leonard L. Hutterman, Dortha Hutterman, Raymond W. Kooken, Phyllis J. Kooken, Charles D. Musselman, Nancy Musselman, Calvin G. Sellens, Dale Van Keuren, Monica Van Keuren, Elsie Weick, Frederick E. Weick, Jr., Golden Savings and Loan Association, Lakewood Colorado National Bank and Silver State Savings and Loan Association, Third-Party Defendants-Appellees.

No. 82CA0556.

Colorado Court of Appeals.
Div. I.

May 12, 1983.

Graber & Graber, George Moore Graber, Arvada, for plaintiffs-appellants.

Head, Moye, Carver & Ray, John F. Head, Charles Luce, Jr., Denver, for defendant and third-party plaintiff-appellee.

COYTE, Judge.*

In this proceeding for the determination of boundary locations, plaintiffs appeal the judgment of the trial court assessing costs equally between plaintiffs and defendant John R. Lennon. We reverse.

Plaintiffs filed an action contending that defendant John R. Lennon, an adjacent landowner, had erected improvements on a portion of their property and asked that the court, in accordance with § 38–44–101, et seq., C.R.S.1973 (1982 Repl. Vol. 16), determine the proper location of the property boundaries between the parties and enter appropriate orders. The Board of County Commissioners was joined since there was a county road in the adjacent area.

Defendant filed an answer and a third-party complaint joining numerous third-party defendants contending that it was necessary to join these defendants in order properly to relocate and establish the proper boundaries of the property owned by the third-party defendants within the area at issue.

In his pretrial statement, defendant Lennon states that he brought a third-party complaint against the parties who have various interests in the real property adjacent to or in the immediate vicinity of the parcel at issue. He contended that there had been an original improper survey and that there were many gaps and overlaps between the property owners in the area that should be "straightened out."

The court appointed a boundary commission composed of two surveyors and directed it to determine the boundaries between plaintiffs' and defendant's property. A hearing was held on the commission's report and an order was entered determining the precise legal description of not only plaintiffs' and defendant's land, but of a total of eighteen separate parcels of land belonging to the plaintiffs, defendants, and third-party defendants.

Section 38–44–111, C.R.S.1973 (1982 Repl. Vol. 16) provides that: "The costs in the proceedings shall be taxed as the court thinks just . . . ."

In its order appointing the commissioners, the court directed that plaintiffs and defendant each pay the cost of the surveyor recommended by each and appointed by the court. Plaintiffs contend that that order should control. However, that order was qualified by the provision that costs incurred by the commission, including those paid by the parties, would be adjusted by the court at the time of judgment.

The cost exceeded $50,000. The court taxed them, one-half to plaintiff and one-half to defendant. Plaintiffs contend that this is error, and made an offer of proof that the dispute between plaintiffs and defendant could have been determined without joining the third-party defendants and

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the Colo.Const., Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

without the extra work involved in determining the precise boundary descriptions of the parcels of land not owned by plaintiffs or defendant. We agree that the court erred in entering its order allocating one-half of the total cost to plaintiffs.

Since, without any objection, the court adjusted the boundary between all of the various owners, all of whom were parties to the action, each owner should be allocated those costs incurred in determining the legal description of that party's boundary lines.

The record does not reveal the allocation of costs among the various land owners, nor the expense that was incurred in surveying, so as to be able to prepare specific descriptions for each of the eighteen separate parcels. Hence, remand for such allocation is necessary.

The judgment of the trial court allocating costs is reversed, and the cause is remanded to the trial court with directions to hold such hearing as may be necessary to enable the trial court to allocate the costs among all of the parties in accordance with the benefits derived by each party by virtue of the adoption by the court of the report of the commission and to enter judgment for costs according to its findings.

BERMAN and STERNBERG, JJ., concur.