Denice DeNier BREWSTER, Executor of
the Estate of Kenneth E. Brewster,
Leonard L. and Dortha Hutterman,
Charles D. and Nancy Musselman,
Florence and William Burton Dunn,
Raymond and Phyllis Kooken, and Lin-
da S. Holsman, Petitioners,

v.

L. Larry NANDREA and Ann T. Nandrea,
the Board of County Commissioners of
the County of Jefferson, and John R.
Lennon, Respondents.

Rene FOURNIER, Marion S. Fournier,
Victoria Shannon, Fred H. Tepley,
and Eugene H. Tepley, Petitioners,

v.

L. Larry NANDREA and Ann T. Nandrea,
the Board of County Commissioners of
the County of Jefferson, and John R.
Lennon, Respondents.

Nos. 83SC241, 83SC248.

Supreme Court of Colorado,
En Banc.

Aug. 19, 1985.

Eugene H. Tepley, Denver, for petitioners in No. 83SC248.

George Moore Graber, Graber & Graber, Arvada, for respondents in No. 83SC248.

Kent J. Lund, Christopher Lane, Ellen W. Reath, Sherman & Howard, Denver, for petitioner Denice DeNier Brewster.

Kenneth L. Levinson, Balaban & Levinson, P.C., Denver, for petitioners Charles D. and Nancy Musselman.

George Moore Graber, Graber & Graber, Arvada, for respondent L. Larry Nandrea and Ann T. Nandrea.

Douglass B. Auer, Denver, for petitioners Leonard L. and Dortha Hutterman.

David M. Kanigel, Evergreen, for petitioners Florence and William Burton Dunn.

No appearance for Board of County Com'rs of the County of Jefferson.

John F. Head, Charles F. Luce, Jr., Moye, Giles & O'Keefe, Denver, for respondent John R. Lennon.

DUBOFSKY, Justice:

We granted certiorari in response to two petitions to consider the court of appeals' ruling in *Nandrea v. Board of Commissioners*, 663 P.2d 1068 (Colo.App.1983), that third-party defendants in a boundary dispute should bear part of the cost of the boundary commission, although the district court had determined under section 38–44–111, 16A C.R.S. (1982), that only the original parties to the boundary dispute should bear equally the costs and fees of the commission. We reverse and remand to the court of appeals with directions to reinstate the order of the district court.

The plaintiffs L. Larry Nandrea and Ann T. Nandrea filed suit in Jefferson County District Court against the defendant, their neighbor John R. Lennon, alleging that Lennon had built a house on the Nandreas' property in rural Jefferson County near Conifer. The Nandreas requested that the court appoint a boundary commission to determine the boundary between the Nandreas' and Lennon's property under sections 38–44–101 to 38–44–112, 16A C.R.S. (1982).[1] Initial surveying revealed that the entire quarter-section in which the parties' property was situated was irregularly shaped. Earlier conveyances of land, which had been based on the assumption that the quarter-section was regularly shaped, had produced gaps and overlaps in the recorded descriptions of property throughout the quarter-section. Any adjustment of the line between the Nandrea and Lennon property would affect neighboring property owners. Therefore, on Lennon's motion and with the Nandreas' acquiescence, all those who owned property in three-quarters of the quarter-section were impleaded as third-party defendants whose property boundaries could be adjudicated by the district court upon advice of the boundary commission.

The court appointed as boundary commissioners two surveyors, one recom-

---

1. Section 38–44–101 allows a property owner to bring a suit in district court to establish the location of disputed or destroyed boundaries or corners of the land. Sections 38–44–102 through 38–44–112 set out the procedure by which such a suit shall be conducted. Section 38–44–104 provides for the court to appoint one or more surveyors as a boundary commission "to locate the lost, destroyed, or disputed corners or boundaries."

mended by the Nandreas and one recommended by Lennon. The court ordered each party to pay the ongoing costs of that party's commissioner, with the understanding that the allocation of costs would be adjusted when the court entered final orders on the boundary dispute.[2] The final report of the boundary commissioners recommended adjustments in property lines and new recorded legal descriptions for all the property owners joined in the suit. The adjustments gave each property owner approximately the land each thought he had owned, including giving to Lennon the land upon which he had constructed his house. The commission also recommended that the property owners in the fourth quarter of the quarter-section be joined as third-party defendants so that they would be bound by the final description of the quarter-section entered by the court. Except for one minor adjustment, all the property owners agreed to the boundary commission's report, and it was adopted by the court.[3] The additional property owners were joined as third-party defendants after the hearing at which the commission's report was adopted.

The district court determined further that the Nandreas and Lennon should share the costs of the boundary commission equally under section 38–44–111, 16A C.R.S. (1982).[4] In reaching its conclusion on costs, the court observed, "This started out as a dispute between the plaintiff and the defendant, and, in the opinion of the court, the costs of the dispute should be paid by the parties who are 'disputing." The Nandreas filed a motion requesting that the court reconsider its allocation of costs. They maintained that Lennon's in-

sistence on joining the other property owners in the area caused the surveyor he selected to incur higher costs, and therefore Lennon should bear the full cost of the fees of his own surveyor. Although the Nandreas' motion to allocate more costs to Lennon was predicated on the fact that higher costs resulted from the addition of the third-party defendants to the suit, the Nandreas specifically disavowed any interest in obtaining contributions from the third-party defendants. After a hearing, the district court reaffirmed its earlier decision to assess costs equally against the Nandreas and Lennon. The Nandreas appealed the cost assessment decision, stating again that they were not requesting any contribution from the third-party defendants but only an increased allocation of costs to Lennon.

The court of appeals held that the district court erred in allocating half of the costs of the boundary commission to the Nandreas. The court concluded that all of the property owners in the area benefited from the boundary commission, so "each owner should be allocated those costs incurred in determining the legal description of that party's boundary lines." The court remanded the case for re-allocation of costs by the district court, but did not send a copy of its decision to any of the third-party defendants.[5]

Because the court never sent them copies of its decision, the third-party defendants were unable to bring timely petitions for rehearing of the court of appeals' decision. They only learned of the decision when the court's mandate issued. At that time, the third-party defendants filed petitions for

2. The record before us indicates that the Nandreas' surveyor incurred costs of $19,345 and Lennon's, $31,979.71.

3. The district court judge who received the commission's report was a different judge from the one who appointed the commissioners. The second judge also entered the final order on allocation of costs.

4. Section 38–44–111 provides:
   The costs in the proceedings shall be taxed as the court thinks just and shall be a lien on the

land or interest therein owned by the party or parties against whom they are taxed insofar as such lands are involved in the proceedings.

5. The clerk of the court of appeals apparently misread the court's docket sheet when he sent notices to the parties of the court's decision. Confusion could arise because the docket sheet consisted of several pages, only the first page of which included the third-party defendants in the caption.

rehearing accompanied by requests for extensions of time to file petitions for rehearing.[6] The court of appeals refused to extend the time for filing petitions for rehearing and denied the petitions. The third-party defendants filed petitions with this court for writs of prohibition or, in the alternative, writs of certiorari. We issued writs of certiorari to consider whether the court of appeals erred in allocating costs to the third-party defendants and in refusing to extend the time for a petition for rehearing.

## I.

C.A.R. 40(a) provides that a petition for rehearing must be filed "within fourteen days after entry of judgment unless the time is shortened or enlarged by order." If no petition for rehearing is filed, the court's mandate issues fifteen days after the entry of judgment. C.A.R. 41. The supreme court will not issue a writ of certiorari to the court of appeals unless the petitioner filed a petition for rehearing of the court of appeals decision. C.A.R. 52(b).

▆▆▆ In the present case, the third-party defendants requested that the court of appeals recall its mandate and enlarge the time for filing a petition for rehearing under C.A.R. 40(a). The court is required to exercise "sound discretion" in considering a motion for enlargement of time. *Wiggins v. People*, 199 Colo. 341, 608 P.2d 348 (1980). The court of appeals denied the third-party defendants' petitions, although the clerk of the court of appeals had failed to mail copies of the court of appeals' opinion to the third-party defendants as required by C.A.R. 36.[7] In this situation, the court of appeals' refusal to enlarge the time for a petition for rehearing was an abuse of discretion, effectively denying the third-party defendants their due process right to file a petition for rehearing.[8] *Cf. Mountain States Telephone & Telegraph Co. v. Department of Labor*, 184 Colo. 334, 520 P.2d 586 (1974) (dismissal of appeal late filed because of Industrial Commission's failure to send copy of decision to appellant's attorney constitutes denial of due process). The court of appeals should have granted the third-party defendants' motions for extensions of time and considered the petitions for rehearing.

The court of appeals denied the third-party defendants' petitions for rehearing when it denied the motions for enlargement of time. The record before us does not indicate whether the court of appeals denied the petitions for rehearing on their substance or because they were filed late; however, considerations of judicial economy lead us to address the substantive issues in the case as if the court of appeals considered the substance of the petitions.

## II.

▆▆▆ The third-party defendants maintain that the court of appeals had no jurisdiction to require the allocation of costs to them because the Nandreas did not raise the issue of allocating costs to the third-party defendants in a motion for new trial. When the Nandreas filed their motion in

---

6. Two petitions for rehearing were filed, which led to the two cases consolidated in this writ of certiorari. Kenneth Brewster, one of the original third-party defendants, filed a petition for rehearing that we here review on certiorari in case No. 83SC241. Several of the other original third-party defendants joined Brewster's petition in this court. The second petition for rehearing was filed by the third-party defendants who were joined after the district court accepted the boundary commission's report. Their petition for certiorari was accepted here in case No. 83SC248. Because the difference between the two groups of petitioners does not affect our opinion, we refer to all the petitioners as "third-party defendants."

7. The court of appeals did not hear oral argument in this case, and the third-party defendants had no way of knowing when an opinion would be issued.

8. The third-party defendants contend that the court of appeals' failure to consider their petition for rehearing deprives them of property without due process of law, in violation of Article II, Section 25 of the Colorado Constitution and the Fifth Amendment of the United States Constitution.

1981, a motion for new trial under C.R.C.P. 59 was a jurisdictional prerequisite to appellate review. *Tyler v. Tyler*, 697 P.2d 29 (Colo.1985); *Schuster v. Zwicker*, 659 P.2d 687 (Colo.1983).[9] The appellate court could consider only those questions raised in the motion for new trial. C.R.C.P. 59(f); *Furer v. Allied Steel Co.*, 174 Colo. 171, 483 P.2d 212 (1971); *Shows v. Silver Shield Mining & Milling Co.*, 150 Colo. 592, 375 P.2d 522 (1972); *see Massey v. People*, 656 P.2d 658 (Colo.1982). The motion for new trial included specific assignments of error in order to give the trial court another opportunity to look at the issues; it was insufficient to allege general error in fact and law. *Martin v. Opdyke Agency, Inc.*, 156 Colo. 316, 398 P.2d 971 (1965); *see Shows v. Silver Shield*, 150 Colo. at 598, 375 P.2d at 525 (general assignments of error regarding jury instructions and admission of evidence not sufficient to support specific assignments on appeal).

■ The Nandreas requested a reconsideration of the assessment of costs on the basis that Lennon should pay all of the fees of the boundary commissioner nominated by him. Although the Nandreas' motion does not explicitly state that they do not seek recovery of costs from the third-party defendants, their counsel stated during the hearing on the motion for reconsideration, "we do not ask that the Court assess costs against any of the third-party defendants in this case." Because the issue of allocating costs to the third-party defendants was not raised in the Nandreas' motion to the district court, the court of appeals had no jurisdiction to decide that issue.[10] The court of appeals should have considered only whether the district court abused its discretion in assessing half the costs to the Nandreas under section 38–44–111.

### III.

■ Section 38–44–111, which accords the district court considerable discretion in assessing the costs of a boundary commission, provides that the costs "shall be taxed as the court thinks just. . . ." The district court's assessment of the costs of a boundary commission should be reviewed only for an abuse of discretion. *Kelly v. Mullin*, 159 Colo. 573, 413 P.2d 186 (1966); *Brackett v. Cleveland*, 147 Colo. 328, 363 P.2d 1050 (1963). The court of appeals did not use this deferential standard of review in considering the district court's assessment of costs; instead, it substituted its own judgment for that of the district court.

■ Upon an examination of the record, we conclude that the district court did not abuse its discretion in assessing the costs of the boundary commission equally between the Nandreas and Lennon. The Nandreas' complaint requested the appointment of the boundary commission, which led to the adjustment of all the property boundaries within the quarter-section. As the boundary commission found it necessary to do extensive surveying work, it was not an abuse of discretion to require the Nandreas to pay for half of that work. It also was reasonable for the court to tax half of the costs to Lennon, who built a house on the Nandreas' property.

The judgment of the court of appeals is reversed and the case is remanded to the court of appeals with directions that the order of the district court requiring that Lennon and the Nandreas bear equally the fees and expenses of the boundary commission be reinstated.[11]

Judgment reversed and case remanded.

9. Effective January 1, 1985, C.R.C.P. 59 was amended to provide that "a motion for post-trial relief shall not be a condition precedent to appeal or cross-appeal. . . ." Court Rules Update, C.R.S. Special Supp. (1984).

10. The Nandreas' brief to the court of appeals stated that they "[did] not wish to be understood by the Appellate Court as arguing that all parties in the action should bear the costs of this action. . . ."

11. The petitioners raised further issues regarding whether the court of appeals had personal jurisdiction over them and whether the Nandreas and Lennon had entered into a binding stipulation not to tax the third-party defendants with the costs of the boundary commission. Because of our determination that the court of appeals decision was erroneous in other regards, we need not reach these issues.