FILED

United States Court of Appeals

Tenth Circuit

December 6, 2012

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WADE COLE,

        Petitioner-Appellant,

v.

VANCE EVERETT, Warden, Kit Carson
Correctional Center; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Defendants-Appellees.

No. 12-1316
(D.C. No. 1:12-CV-00677-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Petitioner Wade Cole seeks a certificate of appealability (COA) to obtain

review of a district court order dismissing his most recent habeas application as an

unauthorized second or successive application that it lacked jurisdiction to hear under

28 U.S.C. § 2244(b)(3).  We may grant a COA only if reasonable jurists could debate

whether (1) the district court's jurisdictional ruling was correct and (2) the

allegations in the habeas application are sufficient to state a valid constitutional

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claim.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As explained below, Mr. Cole cannot satisfy the first requirement.  We therefore deny a COA and dismiss this appeal.

Mr. Cole was convicted after a jury trial in 2001 of enticement of a child, Colo. Rev. Stat. § 18-3-305, and given an enhanced indeterminate sentence of ten years to life pursuant to Colorado's Sex Offender Lifetime Supervision Act of 1998 (SOLSA), *id.* § 18-1.3-1002 et seq.  After a prior unsuccessful 28 U.S.C. § 2254 application, he filed the instant action under 28 U.S.C. § 2241 challenging the constitutionality of SOLSA and seeking his immediate release.  The district court directed him to amend his application to specify that it was brought under § 2254, and ultimately determined that it was subject to dismissal as second or successive.

Mr. Cole argued against dismissal on two bases:  (1) he should be allowed to proceed under § 2241 without § 2244(b)(3) authorization, because he is not attacking his conviction but only challenging the constitutionality of SOLSA and his resultant sentence; and (2) his claim did not become ripe until recently, after he served the minimum ten years of his sentence, because the Colorado courts would not have entertained a challenge to his SOLSA sentence before that time, when he could not claim a right to immediate release.  The district court properly rejected the first contention, noting that while Mr. Cole was challenging the constitutionality of SOLSA, he was doing so in order to invalidate his sentence and thereby obtain his immediate release—relief that is clearly appropriate to a habeas application under

- 2 -

§ 2254, *see, e.g.*, *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("To the extent [a state prisoner] is challenging the validity or legality of the sentence he is currently serving, his claim should be brought under § 2254.")[1] The court properly rejected the second contention, noting that challenges to SOLSA sentences may be brought as early as direct appeal, *see, e.g.*, *People v. Clark*, 214 P.3d 531, 543-44 (Colo. App. 2009), *aff'd*, 232 P.3d 1287 (Colo. 2010), and, more specifically, that post-conviction relief from illegal, illegally-imposed, or constitutionally invalid SOLSA sentences may be sought under Colo. R. Crim. P. 35(a) and (c) without regard to whether immediate release will result (indeed, given specified time limits, some of these challenges *must* be brought well before release would result). *See People v. Collier*, 151 P.3d 668, 672 (Colo. App. 2006) (discussing application of Rule 35(a) and (c) to various constitutional and statutory challenges to SOLSA sentence); *see also People v. Firth*, 205 P.3d 445, 447-48, 452 (Colo. App. 2008) (reviewing constitutional challenges to SOLSA under Rule 35(c) before defendant had served minimum six-year term of his indeterminate sentence).[2]

---

[1] In this same vein, Mr. Cole contends he is not challenging the imposition of his sentence, but its execution, and thus should have been allowed to proceed under § 2241. He misunderstands the imposition/execution distinction. Everything that he currently objects to about his SOLSA sentence was extant, enforceable, and subject to challenge when the sentence was imposed; none of his claims concern subsequent independent unconstitutional actions taken by those charged with its execution.

[2] Mr. Cole cites cases holding that actions filed under the state habeas statute challenging the lawfulness of continued confinement, such as actions involving good time credits or certain parole matters, cannot be brought until immediate release would result. As the above authorities reflect, such cases are inapposite in

(continued)

- 3 -

On appeal, Mr. Cole raises procedural objections to certain post-conviction decisions of the Colorado courts. These matters are not properly before us. He also contends that the district court should not have directed him to name his current warden as the respondent in his amended application under § 2254, because he is confined in a private prison facility. Given that his habeas action was properly dismissed for lack of jurisdiction, we need not resolve who would have qualified as the proper respondent.

The request for COA is DENIED and the appeal is DISMISSED. The pending motion to proceed in forma pauperis is GRANTED.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

---

circumstances governed by Rule 35. *See generally People v. Wirsching*, 30 P.3d 227, 229 (Colo. App. 2000).