## No. C-1122

## The People of the State of Colorado v. Ralph Harold Wright, Jr.

(573 P.2d 551)

Decided January 16, 1978.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Lynne Ford, Assistant, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Norman R. Mueller, Deputy, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This case concerns the scope of Crim. P. 32(e) governing the withdrawal of a guilty plea where the trial court chooses not to follow charge or sentence concessions contemplated by a plea agreement. The trial court in the instant case refused to permit the defendant to withdraw his guilty plea after it determined that it would not follow the prosecutor's sentence recommendation. The court of appeals reversed, holding that a sentence recommendation is the equivalent of a sentence "concession" under the Rule and the defendant should have been permitted to withdraw his guilty plea once the trial court rejected the prosecutor's recommendation. *People v. Wright*, 38 Colo. App. 271, 559 P.2d 249 (1976). We now affirm the decision of the court of appeals.

Defendant entered a plea of "guilty" to second degree assault pursuant to a plea bargain in which the prosecutor agreed to recommend probation if the defendant secured employment. Defendant apparently secured employment and the prosecutor did recommend probation. The court, however, having advised defendant prior to accepting his plea that it would not be bound by any of the prosecutor's sentence recommendations, denied probation and refused to allow defendant to withdraw his plea. Subsequently, defendant was sentenced to an indeterminate term not to exceed eight years.

## I.

Crim. P. 32(e) provides in pertinent part:

"If the court decides that the final disposition should not include the charge or sentence concessions contemplated by a plea agreement, as provided in Rule 11(f) of these Rules, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere."

The People argue that a distinction should be made between a prosecutorial recommendation of a particular sentence, and a prosecutorial agreement to a particular sentence. It is contended that a defendant should be permitted to withdraw his plea under Rule 32(e) only if the prosecutor refused to grant promised charge concessions or to make promised sentence recommendations or, if imposition of the recommended sentence is explicitly made a basis of the bargain and the trial court refuses to follow the prosecutor's sentence recommendation. Thus, the People would equate "sentence concessions" with a *promise* by the prosecutor that the court *will* follow a sentence recommendation. We hold that neither the express language of the Rule nor the policy underlying its enactment supports such an interpretation.

We agree with the court of appeals that failure to equate sentence concessions with sentence recommendations, renders reference to sentence concessions in Crim. P. 32(e) meaningless. As that court noted in its opinion, a district attorney, as part of a plea bargain, can only agree to make favorable *recommendations* concerning the sentence. Crim. P. 11(f)(2)(I). The reference in Rule 32(e) to "sentence concessions provided in Rule 11(f) . . ." is, therefore, a reference to sentence *recommendations* by the district attorney. Hence, the Rule clearly contemplates that a defendant should be permitted to withdraw his guilty plea where the trial court chooses not to follow the prosecutor's sentence recommendation, regardless of whether the prosecution has promised that the court will follow the recommendation.

Moreover, we find this interpretation of the Rule to be consonant with the requirements surrounding entry of a guilty plea and the expectations created by the plea bargaining process. It is axiomatic that, to be acceptable, a guilty plea must be voluntarily entered. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This requirement is the same for negotiated as well as non-negotiated guilty pleas. When, as in this case, the trial judge rejects a plea agreement, he removes the basis upon which the defendant entered his plea and draws into question the voluntariness of the plea. Even where the only "promise" is a prosecutorial recommendation for a lighter sentence, "there nevertheless remains at least the taint of false inducement." *ABA, Standards Relating to the Function of the Trial Judge*, 34.1[c] (commentary). Thus, we agree with the following language from *Thomas v. State*, 327

S.2d 63 (Fla. App. 1976), quoted with approval by the court of appeals: "To say in these circumstances that all which was bargained for and agreed to was fulfilled by the prosecutor's mere act of recommending probation would reduce the bargain to a trap, or, at best, a formality." 327 So.2d at 64.

## II.

The People contend that this reading of the Rule will create intolerable delays and give the defendant excessive leverage in plea bargaining. This argument is without merit. The prosecutor still has the ultimate control over trial delays, at least in this regard, since the decision to negotiate is solely within his discretion. Moreover, our interpretation of the Rule does not give any "advantage" to the defendant; it merely assures a fundamentally fair procedure.

The decision of the court of appeals is affirmed.

MR. JUSTICE KELLEY dissents.