600 P.2d 78 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
George FAVORS, Defendant-Appellant.
No. 77-584.
Colorado Court of Appeals, Div. III.
March 15, 1979.
Rehearing Denied April 12, 1979.
Certiorari Denied September 17, 1979.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Lynne Ford, Asst. Atty. Gen., Denver, for plaintiff-appellee.
John A. Purvis, Acting Colorado State Public Defender, Steven H. Denman, Deputy *79 Colorado State Public Defender, Denver, for defendant-appellant.
RULAND, Judge.
Following defendant's jury conviction of first degree murder, a penalty hearing was held pursuant to § 16-11-103, C.R.S.1973 (now in 1978 Repl.Vol.). The jury recommended leniency; the judge imposed a sentence of life imprisonment. The defendant's conviction was upheld on appeal. People v. Favors, 192 Colo. 136, 556 P.2d 72 (1976). He now appeals the denial of his Crim.P. 35(a) motion to vacate his sentence, contending that the sentence is illegal. We affirm the sentence.
The imposition of an illegal sentence may be reviewed and corrected at any time. See People v. Emig, 177 Colo. 174, 493 P.2d 368 (1972); People v. Jenkins, Colo.App., 575 P.2d 13 (1978). The defendant contends that under the clear mandate of § 16-11-103, C.R.S.1973, the court must impose an indeterminate sentence between a minimum of fifteen years and a maximum of life, and that, therefore, his determinate life sentence should be vacated. We disagree.
On the date defendant committed the offense for which he was sentenced, § 16-11-103, C.R.S.1973, provided as follows:
"If the jury recommends leniency or is unable to reach a unanimous verdict to fix the penalty, the court shall discharge the jury and impose a sentence which is within a maximum of life imprisonment and a minimum of fifteen years imprisonment." (emphasis supplied)
Where the meaning and purpose of a statutory provision is plain and free from ambiguity and no absurdity arises therefrom, there is no need to resort to other rules of construction to ascertain its meaning. American Metal Climax, Inc. v. Claimant of Butler, 188 Colo. 116, 532 P.2d 951 (1975). The emphasized clause authorizes the court to impose a sentence anywhere from a minimum of fifteen years to, and including, a maximum of life imprisonment. Conversely, the statute does not require the court to impose an indeterminate sentence, nor can we read such a requirement into the statute.
Alternatively, defendant argues that where, as here, the jury recommends leniency, the trial court must impose an indeterminate sentence between fifteen years and life imprisonment. In support of this contention, defendant reasons that a test of leniency must include consideration of the date on which a defendant is eligible for parole and that the eligibility date is at least ten years for a life sentence. However, the date a defendant may be eligible for parole is not relevant to a determination of the severity of a sentence. People v. Pacheco, Colo.App., 581 P.2d 741 (1978). Therefore, a sentence which is within the statutory limits established by the General Assembly is not inconsistent with the jury's recommendation of leniency as a matter of law.
Sentence affirmed.
SMITH and STERNBERG, JJ., concur.