Argued and submitted November 10, 1980, judgment of
conviction affirmed as modified July 27, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## EUGENE WOOD,
*Appellant.*

(No. J80-0798, CA 18208)

631 P2d 799

Gary D. Babcock, Public Defender, Salem, argued the
cause and filed the brief for appellant.

Thomas E. Denney, Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief
were James M. Brown, Attorney General, John R. McCul-
loch, Jr., Solicitor General, and William F. Gary, Deputy
Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts, Judges,
and Campbell, Judge Pro Tempore.*

GILLETTE, P. J.

---

*Joseph, C. J., *vice,* Campbell, Judge Pro Tempore.

## GILLETTE, P. J.

On March 8, 1980, defendant was indicted on one count of Murder, two counts of Robbery in the First Degree and one count of Unauthorized Use of a Vehicle. Pursuant to plea negotiations, defendant pled guilty to the Murder charge. The other charges were dismissed. The trial court's judgment and sentencing order provides, in pertinent part:

"* * * * *

"It is therefore, ordered and adjudged by the court that the said [defendant] be imprisoned in the Oregon State Corrections Division for an indeterminate period of time, but not to exceed a period of life *with a mandatory minimum of 25 years as required by statute.*" (Emphasis supplied.)

While the sentence to life imprisonment is permissible, the emphasized portion of the judgment is a reference to a portion of ORS 163.115(5) which has been held unconstitutional by the Oregon Supreme Court in *State v. Shumway,* 291 Or 153, 630 P2d 796 (1981). The emphasized portion is therefore a nullity and should be disregarded by all agencies, including the Corrections Division and the Board of Parole, which have jurisdiction over the accused.

Judgment of conviction affirmed as modified.