214 N.J. Super. 324 (1986)
519 A.2d 367
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BERNARD P. NEMETH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1986.
Decided December 26, 1986.
*325 Before Judges FURMAN, DREIER and SHEBELL.
Felix R. Orraca, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney).
*326 Michael Weinstein, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General, attorney).
The opinion of the court was delivered by FURMAN, P.J.A.D.
Defendant pleaded guilty after a plea bargain to an accusation of second degree aggravated assault, N.J.S.A. 2C:12-1b(1) and of fourth degree death by auto, N.J.S.A. 2C:11-5. The plea bargain was for a downgrade of the second degree offense to a third degree offense for the purpose of sentencing, pursuant to N.J.S.A. 2C:44-1f(2). Defendant appeals from his sentence for aggravated assault to a five year custodial term with a two and a half year parole ineligibility term and from his concurrent 18 month custodial term for death by auto.
While driving home from a picnic, at which he had been drinking beer for several hours, defendant drove his truck into the rear of a car which was stopped at a traffic light. One passenger was killed, resulting in the death by auto charge. Another passenger was seriously injured and remains in a coma, resulting in the aggravated assault charge. Defendant's blood alcohol level tested at .236% after the accident. He has also been convicted and sentenced for drunk driving, N.J.S.A. 39:4-50, upon a plea of guilty.
On appeal, defendant urges that his sentence should be vacated and that we should remand for resentencing because of the fatal inconsistency between the sentencing judge's downgrading of the aggravated assault from a second to a third degree offense for the purpose of sentencing and his then imposing the maximum sentence available for a third degree offense, a five year custodial term, N.J.S.A. 2C:43-6a(3), and a two and a half year parole ineligibility term, N.J.S.A. 2C:43-6b. The sentencing option of downgrading is permitted under N.J.S.A. 2C:44-1f(2) only "where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating *327 factors," as set forth in N.J.S.A. 2C:44-1a and b. Imposition of a parole ineligibility term of half the custodial sentence imposed is justified under N.J.S.A. 2C:43-6b only "where the court is clearly convinced that the aggravating factors substantially outweigh the mitigating factors."
We agree with defendant that his sentence violates the sentencing mandate of the Code of Criminal Justice. The sentencing judge's approval of the downgrade of aggravated assault to an offense one degree lower should have required his evaluation that mitigating factors substantially preponderated over aggravating factors. The sentencing judge made no such evaluation in accepting defendant's plea. Later in sentencing, he reached the opposite and contradictory evaluation that aggravating factors substantially preponderated over mitigating factors. In our view, the evaluation at sentencing of a preponderance of aggravating over mitigating factors, was reasonably reached on the record before the sentencing judge. We accept that explicit evaluation, overcoming any implicit evaluation to the contrary upon the sentencing judge's approval of the downgrade.
Because of its fatal inconsistency, defendant's sentence must be vacated. The preponderance of aggravating factors should have precluded a downgrade. Defendant's sentence cannot be sustained, as the State contends, because of the plea bargain. Although we defer to the reasonableness of negotiated dispositions, see State v. Spinks, 66 N.J. 568, 573 (1975); State v. Sainz, 210 N.J. Super. 17 (App.Div. 1986), there can be no plea bargain to an illegal sentence.
Judicial decisions dealing with some inconsistency between custodial and parole ineligibility terms do not compel an affirmance of the sentence on appeal. In State v. Martelli, 201 N.J. Super. 378, 383 (App.Div. 1985), we approved imposition of a parole ineligibility term upon a presumptive sentence, as within the sentencing judge's discretion upon a plea bargain. In State v. Alevras, 213 N.J. Super. 331 (App.Div. 1986), we *328 mooted the issue whether a sentence to the bottom of the range for a third degree crime and simultaneously to a parole ineligibility term was illegal because of necessarily inconsistent supporting fact findings.
We vacate defendant's sentence and remand for resentencing with the direction that defendant may withdraw his plea of guilty and proceed to trial on the accusation of second degree aggravated assault and of death by auto; or that defendant may renegotiate a plea agreement and be sentenced within statutory and constitutional limits for second degree aggravated assault and death by auto. We do not retain jurisdiction.