■ In the Matter of CHARLOTTE AGONEY, Petitioner, v ROBERT J. FEINBERG, as Judge of County Court, Clinton County, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to prohibit respondents from enforcing an order of restitution and to direct that a warrant for the arrest of petitioner be vacated.

On May 13, 1980, petitioner was convicted upon her plea of guilty of grand larceny in the third degree and forgery in the second degree before respondent Robert J. Feinberg, Clinton County Judge (hereinafter respondent). At that time, petitioner was advised that, under the terms of the plea bargain, she would be sentenced to five years' probation on the grand larceny count and a maximum three-year indeterminate sentence on the forgery count. On May 27, 1980, respondent sentenced petitioner to these terms, with the sentences to run concurrently. Respondent also ordered that petitioner make restitution in the amount of $10,914.89. Petitioner served more than one year of the indeterminate sentence. In December 1982, the Clinton County Probation Department filed a petition for violation of probation for petitioner's failure to make the restitution as ordered. The hearing was scheduled before Irving Goldman, Clinton County Judge, and on January 4, 1983 he reduced the amount of restitution to approximately $500.

Another petition for violation was subsequently scheduled on May 7, 1984 before Judge Goldman but this hearing was adjourned to June 4, 1984 with respondent presiding. At the June 4, 1984 hearing, petitioner moved to vacate the sentence of probation on the ground that the sentence was illegal. Respondent granted the motion, but ruled that petitioner would still be required to make restitution. On October 22, 1986, the Chief Clerk of Clinton County Court wrote to respondent stating that while petitioner's term of probation had expired, she had not made the required restitution. A bench warrant accompanied this letter which respondent duly signed and, as a consequence, petitioner was arrested in Las Vegas, Nevada, on January 30, 1987 and incarcerated, pending extradition to New York. On February 6, 1987, petitioner's counsel moved before respondent to vacate the order requiring restitution and the bench warrant. Respondent denied both motions, holding that petitioner owed $10,914.89 less any sums paid to the restitution unit.

By order to show cause, petitioner initiated this CPLR article 78 proceeding in the nature of prohibition in this court, seeking to vacate the order of restitution and to enjoin respondents from enforcing it. Petitioner further seeks cancellation and vacatur of the bench warrant filed against her in Nevada and appointment of counsel based on her inability to pay therefor.

Respondent Andrew J. Ryan, Jr., Clinton County District Attorney, questions the appropriateness of the requested relief, claiming that the illegality of sentence is reviewable under CPL 440.10. In the circumstances of this case, we deem article 78 relief appropriate. Petitioner is currently incarcerated in Nevada awaiting extradition. She claims, without dispute, that prior to her arrest she earned less than $450 per month as a chambermaid, and that if she were extradited to New York and successful in this proceeding she would have no funds with which to return to Nevada. While normally prohibition is an extraordinary remedy not available to challenge an illegal sentence (see, Matter of Jacobs v Altman, 69 NY2d 733, 735), this is not a case where pursuance of an alternate remedy would be adequate (cf., People ex rel. Pritchard v Harris, 82 AD2d 842, lv denied 54 NY2d 608). Furthermore, petitioner has demonstrated a clear legal right to the relief sought (5 NY Jur 2d, Article 78 and Related Proceedings, § 90, at 488-489).

At the June 4, 1984 hearing, respondent vacated the sentence of probation as an illegal sentence under Penal Law

§ 65.00 (1) (b), but did not vacate the order of restitution under a belief that he had independent authority for requiring restitution pursuant to Penal Law § 60.27 and CPL 420.10. Penal Law § 60.27, effective September 1, 1980, was added and CPL 420.10 was amended (L 1980, ch 290, § 2) in order to expand judicial authority to order restitution. When, prior to the effective date of this addition and amendment, petitioner was sentenced on May 27, 1980, under the relevant statute (Penal Law former § 65.10 [2] [f]) restitution could only be directed together with a term of probation or conditional discharge but could not be ordered where a sentence of incarceration had been imposed *(see, People v Ralston,* 122 AD2d 758, 759, *lv denied* 66 NY2d 921). Since the addition of Penal Law § 60.27 provided for the imposition of a harsher sentence than that permitted under former law because it authorizes a court to require restitution "[i]n addition to" any other disposition, the addition cannot be retroactively applied *(see, People v Winston,* 92 AD2d 740, 741) and must be accorded prospective application only *(see, People v Ennis,* 94 AD2d 746, 747).

Contrary to respondents' contention, we do not find that petitioner waived her right to complain by her plea bargain. This court has noted that "[a]ny sentence 'promise' at the time of plea is conditioned upon its being lawful and appropriate" *(People v West,* 80 AD2d 680, 681). The order of restitution being illegal, it is not validated by a plea bargain. Having so concluded, we do not consider the effect of Judge Goldman's changing the amount of restitution from $10,914.89 to $500 and respondent changing it back again. The petition is, in all respects, granted.

Petition granted, without costs, respondents are prohibited from enforcing the order of restitution, and the order of restitution and warrant for the arrest of petitioner vacated. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.