**Byong Chol CHAE, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 88SC47.**

Supreme Court of Colorado, En Banc.

Sept. 18, 1989.

Rehearing Denied Oct. 23, 1989.

Vincent C. Todd, Lakewood, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Cynthia D. Jones, Asst. Atty. Gen., Denver, for respondent.

Justice LOHR delivered the Opinion of the Court.

The petitioner, Byong Chol Chae, filed a Crim.P. 35(c) motion to vacate his plea of guilty to a charge of second degree sexual assault. After a hearing on the petitioner's motion, the district court concluded that the guilty plea was voluntarily and knowingly entered, and it denied Byong Chol Chae's motion to vacate the plea. The Colorado Court of Appeals affirmed the trial court's order in an unpublished opinion. *People v. Byong Chol Chae*, No. 85CA1506 (Colo.App. Oct. 29, 1987). We granted certiorari to review the court of appeals' decision, and we now affirm in part and reverse in part.

## I.

Byong Chol Chae ("Chae" or "the petitioner") was charged with second degree kidnapping, § 18–3–302, 8B C.R.S. (1986), and first degree sexual assault, § 18–3–402, 8B C.R.S. (1986), in Arapahoe County District Court on May 6, 1982, based on events that occurred earlier that month.[1] Chae is a South Korean national who has a limited understanding of English. Chae entered into a plea agreement with the district attorney on June 20, 1983, whereby he agreed to plead guilty to the lesser charge of second degree sexual assault and the People agreed to the dismissal of the second degree kidnapping and first degree sexual assault charges filed against him. The plea agreement also provided that if a sentence to the department of corrections were imposed, the sentence would be suspended upon three conditions: (1) that Chae submit to deportation proceedings in federal court, (2) that he not contest the deportation proceedings, and (3) that he in fact be deported from the United States.

After conducting the providency hearing required by Crim.P. 11, the district court accepted Chae's guilty plea and set August 25, 1983, as the sentencing date. Prior to sentencing, Chae moved to withdraw his guilty plea, asserting that due to communication difficulties with the Korean interpreter he did not understand the nature of the charge or the consequences of his plea. The district court granted the motion to withdraw the guilty plea, and it reinstated the second degree kidnapping and first degree sexual assault charges against Chae. The case was then set for a jury trial.

On the second day of trial, after a jury had been selected, Chae decided to accept a plea agreement that was essentially the

---

1. Chae's older brother, Byong Sok Chae, was prosecuted as Chae's co-defendant on charges arising from the same incident. Byong Sok Chae entered into a plea agreement identical to Chae's, but only Byong Chol Chae is a party to this present proceeding reviewing the denial of Chae's Crim.P. 35(c) motion.

same as the one previously entered. Chae agreed to plead guilty to second degree sexual assault. He also agreed to be sentenced to the department of corrections and that the sentence of incarceration would be suspended on the conditions that Chae submit to deportation proceedings, that he not contest those proceedings, and that he in fact be deported. In exchange, the district attorney agreed to dismiss the first degree sexual assault and second degree kidnapping charges and to recommend to the trial court that Chae be sentenced to the department of corrections but that the sentence be suspended on the foregoing conditions agreed to by Chae. The district court conducted another Crim.P. 11 providency hearing with the assistance of a Korean interpreter.[2] In the colloquy with the district court, Chae stated that he understood he was waiving his right to a jury trial and that the decision to plead guilty was his alone. Chae also acknowledged that by pleading guilty he admitted participating in the acts underlying the charges filed against him.

At the conclusion of the providency hearing, the district court found, among other things, that the petitioner understood his rights, that he knowingly, freely and voluntarily waived those rights, and that a factual basis existed for the guilty plea. The district court then accepted the guilty plea, and sentenced Chae according to the recommendation in the plea agreement.[3]

Based on the aggravating circumstances present in the sexual assault, the district court sentenced the petitioner to an eight-year term of incarceration, twice the presumptive maximum for the class 4 felony of second degree sexual assault. §§ 18-1-105(1)(a)(I), 18-3-403(2), 8B C.R.S. (1986). This sentence was suspended on the condition that Chae return to the court on May 25, 1984, at 11:30 a.m. to surrender to federal immigration authorities and that he not contest deportation proceedings.[4]

Chae failed to appear in the district court on May 25, 1984, in compliance with the sentencing conditions. Instead, he returned to South Korea on his own without being deported. When Chae failed to appear as required, the trial court issued a bench warrant for his arrest. In May 1985, the petitioner was detained when he attempted to re-enter the United States. He was transferred to the Arapahoe County jail based on the outstanding bench warrant.

Chae then filed a Crim.P. 35(c) motion to vacate his guilty plea,[5] alleging that his plea had not been entered knowingly or voluntarily because he had been unaware of the impact of the deportation provisions of the plea agreement and sentence recommendations.[6] The district court held a hearing on the motion, at which Chae testified that he would not have agreed to the plea bargain if he had known its effect

---

**2.** In addition to the Korean interpreter, both the written Request to Plead Guilty and the Stipulation and Plea Agreement were translated into Korean. The petitioner then executed the Korean version of those documents.

**3.** The actual sentence imposed differed from the sentence recommendations in the plea agreement only to the extent that the condition that Chae in fact be deported was not included in the sentence.

**4.** The parties suggest that this was a sentence to probation. Nothing in the record indicates that the trial court intended to grant probation or intended that the sentence be anything other than it appears to be—the imposition of a sentence of imprisonment, suspended on stated conditions.

**5.** Chae's motion was titled as a "motion to vacate plea." However, the relief Chae requested in his brief in support of the motion was the

withdrawal of his plea. Both the district court and the court of appeals referred to Chae's motion as a motion to withdraw his guilty plea. Under Crim.P. 32(d) a motion to withdraw a guilty plea may be made only before sentence is imposed or imposition of sentence is suspended. Because sentence had been imposed when Chae filed his motion, he could not seek to withdraw his guilty plea under Crim.P. 32(d). Chae's motion was correctly filed pursuant to Crim.P. 35(c), but the relief Chae clearly sought was vacation of the judgment of conviction entered on his plea and the subsequent withdrawal of his plea. In the interest of brevity, we will refer to Chae's motion simply as a motion to vacate his guilty plea.

**6.** Chae also alleged ineffective assistance of counsel, an issue not raised in this certiorari review.

would be to cause him to be deported from the United States and permanently prevent him from returning to this country. The prosecution and the defense stipulated at the hearing that Chae's attorney in 1984 explained to him that the agreement provided that if he pled guilty and agreed to be deported, he would not have to face incarceration in the United States. At the time the plea was entered, the petitioner's attorney also explained to him that deportation meant that Chae would have to return to South Korea and would never be able to re-enter the United States. According to the attorney who represented Chae in 1984, Chae appeared to understand the effect of the deportation provisions.

At the conclusion of the Crim.P. 35(c) hearing, the district court noted that Chae had already been allowed to withdraw a plea once on the ground that he did not understand the full effect of the plea agreement. The district court then determined that Chae understood the effect of the deportation provisions when he entered his second guilty plea, and that the plea was voluntarily entered. Based on these determinations, the district court denied Chae's motion to vacate his plea. Because Chae had violated the conditions of the original plea agreement by not appearing as ordered to submit to deportation proceedings, the district court revoked the suspended sentence and sentenced Chae to an eight-year term in the department of corrections plus one year of parole. Chae appealed to the court of appeals from the district court's denial of his motion to vacate his guilty plea.

The court of appeals concluded that the original suspended prison term imposed by the district court was an illegal sentence because the alternative sentencing provisions of section 16–11–101, 8A C.R.S. (1986), do not authorize a district court to suspend execution of a sentence to imprisonment. The court of appeals also held that the district court corrected this illegal sentence when it sentenced Chae to eight years imprisonment upon his return to the United States. Next, the court of appeals reasoned that Chae should not be permitted to withdraw his plea because he "received the sentence he bargained for at the time of the plea agreement, violated the terms of the sentence and agreement knowing that the violation would subject him to eight years of imprisonment pursuant to the agreement, and is currently subject to a legal sentence of eight years imprisonment." *People v. Chae*, No. 85CA1506, slip op. at 6 (Colo.App. Oct. 29, 1987). We granted certiorari to review the court of appeals' decision.

II.

The first issue to be determined is whether the original sentence imposed by the district court was an illegal sentence. We agree with the court of appeals' conclusion that the sentence of a suspended prison term was illegal under section 16–11–101 and our decisions in *People v. District Court*, 673 P.2d 991 (Colo.1983), and *People v. Flenniken*, 749 P.2d 395 (Colo.1988).

In *People v. District Court*, the defendant entered into a plea bargain and pled guilty to a second degree murder charge. The defendant received a suspended prison sentence upon the conditions that he participate for two years in a work-release program, continue therapy, and not possess or carry any weapon for two years. 673 P.2d at 993–94. One week later, the trial court revoked the suspension of the defendant's sentence for reasons unrelated to the conditions imposed, and placed the defendant in the custody of the department of corrections. The defendant objected to the revocation of the suspended sentence, asserting that he had done nothing to warrant the revocation. *Id.* at 994.

In reviewing the propriety of the sentence in *People v. District Court*, we noted that a "court may not impose a sentence that is inconsistent with the terms specified by statutes." 673 P.2d at 995. Under section 16–11–101, the trial court may grant probation, if a defendant is eligible for probation, *or* the trial court may impose a sentence of imprisonment for a definite period of time. Applying these standards, we determined that the sentence imposed in *People v. District Court* was an illegal

sentence because it impermissibly combined provisions for a work-release program, an alternative available only in connection with probation, with a sentence of imprisonment for a definite period of time. 673 P.2d at 996.

In *People v. Flenniken*, 749 P.2d 395 (Colo.1988), the defendant pled guilty to two counts of theft and was sentenced to four years imprisonment plus one year of parole on each count, with the sentences to run concurrently. The trial court then suspended the prison sentences, placed the defendant on eight years probation for each count, and ordered him to make restitution. We held that "[t]he trial court's action in imposing a sentence to imprisonment, suspending that sentence, then sentencing defendant to a term of probation violates section 16–11–101." *Flenniken*, 749 P.2d at 398. We rejected the argument that *People v. District Court* should be limited to the unique facts of that case; instead, we stated that *People v. District Court* stands for the broad proposition that there is "no statutory authority permitting a court to suspend execution of a sentence to imprisonment." *Flenniken*, 749 P.2d at 398.[7]

Under the standards announced in *People v. District Court* and *Flenniken*, the original sentence imposed on Chae was clearly an illegal sentence. The district court in the instant case had no statutory authority to suspend the sentence of imprisonment and to impose conditions on that suspension. *Flenniken*, 749 P.2d at 398. Accordingly, we affirm that part of the court of appeals' judgment holding that the original sentence imposed on Chae was illegal under section 16–11–101.[8]

## III.

Having determined that Chae's original sentence was illegal, we must next decide whether this illegal sentence requires the vacation of Chae's guilty plea. The court of appeals held that Chae's plea need not be vacated because the trial court corrected the illegal sentence and, despite the illegality, Chae received the sentence for which he originally bargained. We disagree with the court of appeals' analysis, and we conclude that Chae's plea must be vacated because the original illegal sentence was an integral part of the plea agreement in this case.

## A.

Whether a guilty plea entered as part of a plea agreement that provides for an illegal sentence is invalid and must be vacated is a question of first impression for this court. Generally, a guilty plea must be voluntarily, knowingly and intelligently made in order to be valid. *Henderson v. Morgan*, 426 U.S. 637, 644–45, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108 (1976); *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *Lacy v. People*, 775 P.2d 1, 4–6 (Colo.1989) (guilty plea must be voluntary in the constitutional sense, i.e., defendant must understand nature of constitutional protections he is waiving and must receive real notice of true nature of charge against him); *People v. Hrapski*, 718 P.2d 1050, 1055–56 (Colo.1986) ("guilty plea must be given voluntarily and with an understanding of the consequences of such plea"). To be voluntary, a guilty plea cannot be induced by misrepresentation, including unfulfilled or

7. In 1988, the legislature adopted § 18–1–105(10), 8B C.R.S. (Supp. 1988), which provides:

   When it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be best served thereby, the court shall have the power to suspend the imposition or execution of sentence for such period and upon such terms and conditions as it may deem best.

   That statute became effective July 1, 1988, and applies to acts committed on or after that date.

Ch. 116, secs. 5, 7, § 18–1–105(10), 1988 Colo. Sess.Laws 679, 681–82. Therefore, it is not applicable to the present case.

8. Because we decide that the original sentence was illegal under § 16–11–101, we need not reach the issue raised by Chae of whether the sentence was illegal because the deportation conditions amounted to cruel and unusual punishment in contravention of the United States Constitution and the Colorado Constitution. *See* U.S. Const. amend. VIII; Colo. Const. art. II, § 20.

unfulfillable promises. *Brady,* 397 U.S. at 755, 90 S.Ct. at 1472. "A plea induced by a promised sentence that is statutorily unavailable is invalid." J. Bond, *Plea Bargaining & Guilty Pleas* § 7.18(a) (2d ed. 1982).

Other jurisdictions have held that where a defendant pleads guilty by entering into a plea agreement that includes provisions for an illegal sentence, the defendant must be allowed to withdraw his plea and plead anew. *See Forbert v. State,* 437 So.2d 1079, 1081 (Fla.1983) ("when a defendant pleads guilty with the understanding that the sentence he or she receives in exchange is legal, when in fact the sentence is not legal, the defendant should be given the opportunity to withdraw the plea"); *Rojas v. State,* 450 A.2d 490, 493 (Md.App.1982) ("when a material term of a sentence based upon a plea agreement is unenforceable, the appropriate remedy is to vacate the entire sentence and the corresponding plea agreement"); *State v. Nemeth,* 214 N.J.Super. 324, 519 A.2d 367, 368 (App.Div.1986) ("there can be no plea bargain to an illegal sentence"; case remanded to allow defendant opportunity to withdraw plea or renegotiate a permissible plea agreement).

Similarly, in Colorado we have held that a court's rejection of a sentencing recommendation made by the prosecution pursuant to the plea agreement upon which the defendant entered his guilty plea "draws into question the voluntariness of the plea." *People v. Wright,* 194 Colo. 448, 450, 573 P.2d 551, 553 (1978). Thus, under Crim.P. 32(d),[9] a defendant is permitted to withdraw his guilty plea when the trial court chooses not to follow the prosecutor's sentence recommendation made as promised in a plea agreement. *See Wright,* 194 Colo. at 450, 573 P.2d at 553.

The concerns about a fundamentally fair plea bargaining procedure that guided our interpretation of Crim.P. 32(d) in *Wright* apply with equal force to the present case. When, as in *Wright,* a defendant enters a plea agreement that includes a recommendation for a particular sentence, the fact that the sentence is rejected by the court "removes the basis upon which the defendant entered his plea and draws into question the voluntariness of the plea." *Wright,* 194 Colo. at 450, 573 P.2d at 553. The same is true when the recommended sentence is illegal and therefore cannot be validly imposed. Accordingly, we conclude that when a defendant enters into a plea agreement that includes as a material element a recommendation for an illegal sentence and the illegal sentence is in fact imposed on the defendant, the guilty plea is invalid and must be vacated because the basis on which the defendant entered the plea included the impermissible inducement of an illegal sentence. *See Brady,* 397 U.S. at 748, 90 S.Ct. at 1468; *Forbert,* 437 So.2d at 1081; *Rojas,* 450 A.2d at 493–94; *Nemeth,* 519 A.2d at 368.

**B.**

In the present case, the recommendation for the illegal suspended prison sentence conditioned on Chae's submission to deportation proceedings was part of the plea agreement by which Chae pled guilty to second degree sexual assault. At the Crim.P. 35(c) hearing, the district court found that Chae's plea agreement

had three consequences as far as the Defendant was concerned. First of all, the Defendant would plead guilty and have a felony conviction. Second, the Defendant would serve eight years in the

---

9. Crim.P. 32(d) (formerly Crim.P. 32(e) when *Wright* was decided) provides in pertinent part:

A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended.

If the court decides that the final disposition should not include the charge or sentence concessions contemplated by a plea agreement, as provided in Rule 11(f) of these Rules, he shall so advise the defendant and the dis-

trict attorney and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere.

*Wright* held that this rule "clearly contemplates that a defendant should be permitted to withdraw his guilty plea where the trial court chooses not to follow the prosecutor's sentence recommendation, regardless of whether the prosecution has promised that the court will follow the recommendation." 194 Colo. at 450, 573 P.2d at 553.

Colorado Department of Corrections if he were not deported as part of the plea agreement. Third, he would be deported voluntarily as part of the plea agreement.

The district court's finding reflects that the sentence recommendation was a material part of, and not a separate consideration from, the plea agreement entered into by Chae. This conclusion is adequately supported by the record.

The suspended sentence provisions were included on the same stipulation and plea agreement document that Chae executed providing for his guilty plea in exchange for dismissal of the greater charges. When Chae signed this document at the Crim.P. 11 providency hearing, his attorney stated for the record that the stipulation "reflect[ed] the *sentence and plea agreement* in th[is] case." (Emphasis added.) Chae and the prosecution stipulated at the Crim.P. 35(c) hearing that at the time Chae entered his guilty plea in 1984, his attorney explained to him that "if he pled guilty to second-degree sexual assault *and* agreed to be deported all of the [other] charges would be dismissed and he would not have to go to jail in the United States." (Emphasis added.) Finally, the district court acknowledged the importance of the suspended sentencing recommendation as the basis of the plea agreement at the providency hearing when it stated to Chae's brother that if the court did not accept the sentence recommendations, "you [Byong Sok Chae] would have the right to withdraw this guilty plea and go to trial." [10]

■ In sum, the sentence recommendation providing that Chae would not be imprisoned formed an integral part of the plea agreement and was the basis for Chae's entry of a guilty plea in the instant case. Because this sentence recommendation provided for an illegal suspended sentence, the basis for the guilty plea amounted to an invalid, unfulfillable promise. *See State v. Nemeth,* 214 N.J.Super. 324, 519 A.2d 367, 368 (App.Div.1986) ("there can be no plea bargain to an illegal sentence"); *cf. Brady,* 397 U.S. at 755, 90 S.Ct. at 1472. Accordingly, applying the principles outlined in section IIIA of this opinion, we hold that Chae's guilty plea must be vacated because the illegal sentence recommendation in the plea agreement invalidated Chae's guilty plea.

■ The court of appeals held that Chae's plea need not be vacated because he received the sentence for which he bargained. That is, Chae bargained for a prison term suspended upon certain conditions. Because Chae violated those conditions by failing to submit to deportation, the district court imposed the prison term. However, even if Chae did receive the "benefit" of the sentence he bargained for, the court of appeals' reasoning is inapplicable in this case where the original sentence imposed was illegal. We have twice held that no sound public policy supports allowing defendants "a right to benefit from illegal sentences." *People v. District Court,* 673 P.2d at 997; *accord Flenniken,* 749 P.2d at 398.[11] Similarly, no sound public policy supports allowing the parties to bargain for an illegal sentence, and we cannot uphold a plea bargain that has as its object an illegal sentence.[12]

10. Chae's brother and co-defendant, Byong Sok Chae, entered into a stipulation and plea agreement identical to the one signed by Byong Chol Chae. At the Crim.P. 11 hearing, the district court's colloquy with Byong Sok Chae was specifically referenced during the court's colloquy with Byong Chol Chae.

11. *See also Agoney v. Feinberg,* 132 A.D.2d 829, 517 N.Y.S.2d 834, 836 (1987) (illegal sentence is not validated by a plea bargain).

12. The court of appeals also held that Chae's guilty plea need not be vacated because the trial court's final disposition and sentence of eight years imprisonment corrected the original illegal sentence. *People v. Chae,* No. 85CA1506, slip op. at 5 (Colo.App. Oct. 29, 1987). This reasoning fails to consider that the illegal sentence recommendation in the plea agreement had the effect of invalidating Chae's guilty plea. *See* section IIIA above. Thus, because Chae's plea is invalid, a later sentence imposed within statutory guidelines cannot correct this defect. Because Chae's plea was insufficient to support a judgment of guilt, the district court had no basis on which to impose any sentence upon Chae. *See Henderson v. Morgan,* 426 U.S. 637, 644–45, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108 (1976) (involuntary plea cannot support a judgment of conviction).

## IV.

We conclude that the sentence bargained for as part of Chae's plea agreement was an illegal sentence, and therefore Chae's guilty plea must be vacated. Accordingly, we affirm that part of the court of appeals' judgment holding that Chae's original sentence was illegal, and we reverse that part of the court of appeals' judgment holding that Chae may not withdraw his guilty plea. Because the illegal sentencing provision prevents Chae from being bound by his original plea agreement, the district attorney also is not bound by the agreement. Thus, on remand the district attorney may reinstate the charges against Chae that were previously dismissed under the plea agreement.

The opinion of the court of appeals is affirmed in part and reversed in part, and this case is remanded to the court of appeals to be remanded to the district court with instructions to vacate Chae's guilty plea and the judgment of conviction entered on that plea.

VOLLACK, J., concurs in part and dissents in part; ROVIRA and MULLARKEY, JJ., join in the concurrence and dissent.

Justice VOLLACK concurring in part and dissenting in part:

I concur with Part II of the majority's opinion that the district court's suspended sentence was an improper sentence. The majority concludes that Chae's plea must be vacated because the district court's illegal sentence was an integral part of the plea agreement. *See* maj. op. at 485. I dissent because I believe that under the

facts of this case Chae entered a knowing and voluntary plea, and the court's illegal suspended sentence did not invalidate the voluntariness of the plea. After a Crim.P. 35(c) hearing, the court corrected the illegality in the sentence and the defendant received the sentence he had bargained for at the time of the plea.

## I.

On May 22, 1984, during the trial on the original charges, defendant Byong Chol Chae (Chae) entered into a plea bargain in which he pled guilty to second-degree sexual assault. In return the district attorney recommended that the court impose an eight-year prison sentence, and suspend the sentence conditioned on Chae's surrender to immigration authorities and submission to deportation proceedings.[1] Through this agreement Chae avoided the possibility of being convicted and serving a maximum sentence of forty-eight years. The record shows that Chae thoroughly understood the terms of the plea agreement and the rights he was giving up by pleading guilty.[2] Chae understood that, under the agreement, if he did not submit to deportation the district court could sentence him to the Department of Corrections (DOC) for eight years. Chae also understood that if he was convicted after a trial he may be deported.

During the May 22, 1984, hearing, the district court added to the agreement the condition that Chae return to court on May 25, 1984, to surrender to immigration authorities. The court asked Chae if he understood that upon his failure to appear he would receive a penitentiary sentence, and

---

1. The majority asserts that the sentence recommendations differed from the actual sentence only to the extent that the former included the provision that Chae would in fact be deported. Maj. op. at 483 n. 3. This statement ignores the additional condition imposed by the court that Chae return to the court on May 25, 1984.

2. At the Crim.P. 35(c) hearing, District Court Judge Kenneth Stuart made the following remarks:

I have been very concerned throughout this case and was at the time this guilty plea was

entered in making sure the defendant understood what he was doing and what was going on. I set aside one plea because he had some reservations about whether he really understood what he had done the first time [he pled guilty]. I have no reservations about denying the defendant's motion today. I find that he fully understood what he was doing, that there was no confusion in his mind, he was aware of not only the direct consequences of his guilty plea, but he was aware of the collateral consequences of deportation and in all probability further exclusion from readmission to this country.

that he would probably be deported after serving that sentence. Chae answered that he did. The court then sentenced Chae to DOC for a period of eight years, and suspended the sentence on the condition that Chae return to the court on May 25, 1984, and voluntarily submit to deportation proceedings.

Chae failed to appear on May 25, 1984, and the court issued a warrant for his arrest. A year later Chae was arrested and brought before the court. On July 27, 1985, Chae moved to vacate his guilty plea pursuant to Crim.P. Rule 35(c) on the ground that his consent to the plea agreement was obtained without minimally adequate reference by his counsel or the court to alternative aspects of federal law governing deportation, and that he received ineffective assistance of counsel. The court denied Chae's motion on September 16, 1985, and on October 8, 1985, the court sentenced Chae to DOC for a term of eight years. The record does not reveal whether the district court vacated or amended the May 22, 1984, suspended sentence, but it appears from the mittimus that the court vacated the suspended sentence and imposed a new eight-year sentence.

## II.

The majority concludes that the illegality in the sentence invalidated Chae's consent to the plea bargain. Maj. op. at 487. I disagree. The illegality of the suspension of the sentence was not an integral part of the plea agreement. Chae pled guilty to second-degree sexual assault, and in return the People agreed to dismiss the second-degree kidnapping and first-degree sexual assault charges. Chae and the People also agreed that if Chae would submit to deportation he would not have to serve a prison sentence. Chae agreed to serve a prison term of no more than eight years if he failed to return to court on May 25, 1984, to submit himself to immigration authorities. The plea bargain allowed Chae to avoid a possible maximum sentence of forty-eight years. The court's lack of statutory authority to suspend the sentence on May 22, 1984, was not an integral part of

the agreement and did not invalidate the plea. After Chae's failure to return on May 25, 1984, the district court subjected him to no more than the eight-year sentence he bargained for. I do not believe Chae should be rewarded with a vacated plea for his failure to return on May 25, 1984, and submit to deportation.

An illegal sentence does not invalidate a knowing and voluntary plea unless the illegality affects one or more of the material conditions of the plea bargain. *See People v. Wright*, 194 Colo. 448, 450, 573 P.2d 551, 553 (1978) (trial court's failure to impose recommended sentence draws into question voluntariness of defendant's plea). In *People v. Green*, 114 Misc.2d 339, 343, 451 N.Y.S.2d 970, 973 (N.Y.Sup.Ct.1982), a New York County Supreme Court, relying on cases from a number of jurisdictions, held that "[w]hatever statutory, policy or constitutional considerations courts have enunciated to void a sentence of banishment, it is clear that the underlying conviction, whether by trial or plea of guilty, is unaffected." The court concluded that the underlying conviction remained valid because "[t]he plea of guilty ... was voluntarily and knowingly entered with a full understanding of the conditions after consultation with counsel." *Id.* The court noted that "[a]t no time before sentence did the defendant request to withdraw his plea. There is therefore no merit to the defendant's contention that the underlying plea of guilty is void." *Id.* (citations omitted).

In the present case the validity of Chae's plea is unaffected by the court's decision to illegally suspend the eight-year sentence rather than issue a proper sentence to probation subject to identical terms and conditions. *See United States v. Green*, 735 F.2d 1203, 1206 (9th Cir.1984) ("When a court exceeds its sentencing authority, the sentence is void only as to the excessive portion of it."); *Weigand v. Commonwealth*, —— Ky. ——, ——, 397 S.W.2d 780, 781 (1966), *cert. denied*, 384 U.S. 976, 86 S.Ct. 1870, 16 L.Ed.2d 686 (1966); *State v. Wood*, 53 Or.App. 198, 200, 631 P.2d 799, 800 (1981) (reference in sentence to unconstitutional statute is a nullity but sentence may be enforced). In *In the Matter of the*

*Application of Thomas E. Adams*, 360 N.W.2d 513, 516 (S.D.1985), the South Dakota Supreme Court held that "[e]ven if the order of suspension is embodied in the judgment which imposes the sentence, nevertheless the sentence is authorized and valid, while the order of suspension is unauthorized and void, and as the latter is separable from the former, the latter fails, while the sentence stands."

### III.

The district court remedied the illegal sentence when it sentenced Chae on October 8, 1985. The imposition of an illegal sentence may be corrected at any time. *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947); *People v. Emig*, 177 Colo. 174, 177, 493 P.2d 368, 369 (1972); *People v. Favors*, 42 Colo. App. 263, 600 P.2d 78 (1979). In *Bozza v. United States*, 330 U.S. at 165–66, 67 S.Ct. at 648–49, the trial court failed to impose the mandatory sentence required by statute but later corrected its mistake. The United States Supreme Court stated that "the court only set aside what it had no authority to do and substitute[d] directions required by law to be done upon the conviction of the offender." *Id.*, 330 U.S. at 167, 67 S.Ct. at 649. In the present case the district court set aside what it had no authority to do and gave Chae a legal sentence consistent with the terms of his plea agreement. We are not required to vacate Chae's plea because the district court's October 8, 1985, sentence remedied the only defect in the proceedings.

The majority notes that when a defendant enters into a plea agreement that includes as a material element a recommendation for an illegal sentence and the illegal sentence is in fact imposed on the defendant, the guilty plea is invalid and must be vacated because the basis on which the defendant entered the plea included the impermissible inducement of an illegal sentence. Maj. op. at 486. The majority then concludes that the recommended suspension of Chae's sentence was a material part of the plea agreement which induced Chae to accept the agreement. Maj.

op. at 487. I disagree with the majority's application of the law to the facts of this case. Other jurisdictions have viewed the circumstances surrounding an illegal sentence to determine whether the illegality materially altered the benefits and detriments the parties bargained for in the plea agreement. *Weigand v. Commonwealth*, — Ky. at ——, 397 S.W.2d at 781 (defendant's decision to accept void probation and then violate it precludes defendant from challenging validity of probation order). In other jurisdictions, if the illegal sentence does not affect a material condition of the plea the trial court may correct the illegal sentence at any time. *United States v. Green*, 735 F.2d at 1206 (where, pursuant to plea bargain, trial court imposed probation condition requiring excessive restitution, proper remedy is reduction of restitution to amount authorized). In this case the recommended suspension of the sentence was not a material part of the plea agreement and the district court was authorized to correct the sentence. *United States v. Minor*, 846 F.2d 1184, 1188 (9th Cir.1988) (where an original sentence imposed after conviction was in excess of statutory limit, the district court could not impose wholly new sentences pursuant to Rule 35 motion, but was limited to correcting the original sentence by eliminating the excess that rendered it illegal); *Bird v. State*, 231 Md. 432, 436, 190 A.2d 804, 807 (1963) (trial court ordered to strike invalid condition of suspended sentence imposed after defendant's conviction).

Courts considering the effect of illegal sentences on plea bargains have upheld the state's right to accept a corrected sentence which is consistent with the defendant's plea bargain. Florida courts have consistently held that when a defendant challenges his plea on the ground that he agreed to an illegal sentence, the court may, with the state's agreement, adopt the original plea bargain with the illegality corrected. In *Cleveland v. State*, 394 So.2d 230 (Fla.Dist.Ct.App.1981), the defendant pled guilty to an illegal ten-year sentence for attempted armed burglary. The Florida District Court of Appeal held that "if the state should exercise its option to ac-

cept the plea with the sentence reduced to a legal term, then the other counts shall again be dismissed and the plea and the judgment shall stand as the predicate for a new sentence consistent with Florida law." *Id.* *See also Ruiz v. State,* 537 So.2d 682, 683 (Fla.Dist.Ct.App.1989) (sentence in excess of statutory maximum); *Daniels v. Smith,* 478 So.2d 110, 111 (Fla.Dist.Ct.App. 1985) (minimum sentences illegally ordered to run concurrently); *Chaney v. State,* 452 So.2d 1148, 1150 (Fla.Dist.Ct.App.1984) (sentence illegally imposed incarceration pursuant to split sentences totalling more than one year). In this case the People are willing to accept the legal sentence imposed by the court in response to Chae's breach.

*Forbert v. State,* 437 So.2d 1079, 1081 (Fla.1983), which the majority cites, is from this line of cases. In *Forbert* the defendant pled guilty to an illegal "split sentence." *Id.* In ruling on Forbert's motion to withdraw his plea, the Florida Supreme Court stated that:

> Forbert had the right to have his sentence corrected so that it conformed to the law. When the judge indicated that he would resentence Forbert to eight years in prison, Forbert sought to withdraw his plea of guilty since such a sentence was not what he bargained for. The court should have then either allowed Forbert to withdraw his plea, reinstating the charges originally filed against him, or should have resentenced him within the parameters of the plea agreement.

*Id.* *Forbert* does not support vacating a defendant's plea, or allowing a defendant to withdraw his plea, when the state agrees to accept a legal sentence consistent with the original plea bargain. The *Forbert* court recognized that

> since the state may not have witnesses or other evidence available in cases where a defendant moves to withdraw his plea months or years after entering it, the state should have the option of either agreeing that the judgment and sentence should both be vacated or holding the defendant to his plea of guilty

and vacating only the excessive portion of that sentence.

*Id.*

## IV.

The majority cites *People v. District Court,* 673 P.2d 991 (Colo.1983), for the proposition that because Chae could not benefit from an illegal sentence he should not be allowed to bargain for one. Maj. op. at 487. In *People v. District Court,* 673 P.2d at 994, the trial court imposed a suspended sentence on the defendant. The court later became aware of circumstances which undermined the foundation of its suspended sentence, and revoked the suspension of the sentence. *Id.* The court refused to alter the sentence itself because it felt to do so would violate the double jeopardy clause. *Id.* We held that the suspension of the sentence on conditions authorized only for probation made the sentence illegal. *Id.,* 673 P.2d at 996. To promote the public-policy interest of ensuring that convicted criminals receive adequate sentences we limited the reach of double jeopardy. We reasoned that to allow the defendant to serve a shorter sentence than he deserved merely because the court could not correct his sentence without twice putting him in jeopardy of life and limb granted to the defendant a right to benefit from his illegal sentence. *Id.,* 673 P.2d at 997. "Granting defendants a right to benefit from illegal sentences," we stated, "serves no sound public policy." *Id.*

The policy concerns that supported our decision in *People v. District Court* are not present here. Although the sentence imposed by the district court contained an illegality, that illegality was immaterial. Therefore, Chae did not bargain for an illegal sentence. He bargained for a proper agreement which the district court imposed through illegal means. The majority allows Chae to benefit from his illegal sentence despite the fact that his plea was not induced by the illegality, and despite Chae's failure to fulfill his part of the agreement.

Finally, the majority does not address the public-policy interest in allowing the People to enforce agreements they have fulfilled. Chae's breach of the agreement should not deprive the People of the benefit of their bargain. The People agreed to forego a possible conviction and forty-eight year sentence in return for the assurance that Chae would either voluntarily leave the country or serve a sentence of eight years. Chae breached the agreement and the district court imposed a legal eight-year sentence. The seven years that have passed since the offense will make it difficult for the People to successfully prosecute Chae on the original charges. Under these circumstances the People should not be deprived of the benefit of an agreement which they fulfilled. *See Forbert,* 437 So.2d at 1081.

I respectfully dissent from Part III of the majority opinion.

ROVIRA and MULLARKEY, JJ., join in this concurrence and dissent.

