10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Robert BAILEY, Petitioner-Appellant,
v.
Bill WILSON; Gale A. Norton, General of the State of
Colorado, Respondents-Appellees.
 No. 93-1309.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 EBEL
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Petitioner-Appellant, James Robert Bailey, appeals the district court's denial of his 28 U.S.C. 2254 petition for habeas corpus on the basis that he had failed to exhaust his available state remedies on all of his grounds for relief. Bailey is presently serving a sentence arising from his guilty plea to state drug violations. Bailey attempted to appeal directly his conviction based on the guilty plea, but the Colorado Court of Appeals dismissed his claim because convictions stemming from guilty pleas are properly reviewed only under the collateral postconviction remedy of Colo.R.Crim.P. 35(c)(2). Bailey filed a late petition for a writ of certiorari in the Colorado Supreme Court and was denied the writ.
 
 
 3
 Subsequently, on March 18, 1993, Bailey filed two 2254 petitions for habeas corpus in the District Court for the District of Colorado. Because the petitions attacked the same conviction and included overlapping issues, the district court consolidated them. Bailey sought relief on the following grounds: 1) that he was denied his right to a speedy trial; 2) that his guilty plea was unknowing, involuntary, and without a factual basis; 3) that discrepancies in the case record regarding certain evidence denied him due process, undermined his ability to represent himself, forced him to plead guilty, and prevented effective appellate review; and 4) that he was denied the right to appeal in the state courts, including a denial of access to the trial record and appellate counsel. The first three issues were raised in Bailey's attempt to directly appeal his conviction in the Colorado courts. Bailey has never before raised the fourth issue in a Colorado court.
 
 
 4
 The district court adopted the findings of Magistrate Judge Borchers that all of Bailey's claims are unexhausted and thus should be dismissed. The magistrate found that all of Bailey's claims should have been raised in the Colorado courts pursuant to the Colo.R.Crim.P. 35(c) process. Bailey has never attempted to obtain relief through Rule 35(c).
 
 
 5
 We agree with the district court and magistrate that Bailey has failed to exhaust his state remedies. All claims brought within a 2254 motion must be exhausted in order to provide the state's highest court an opportunity to review the issues. Rose v. Lundy, 455 U.S. 509, 522 (1982).
 
 
 6
 Bailey has not exhausted the available state remedies for the three issues he attempted to bring on direct appeal. On a direct review of guilty pleas in Colorado, a defendant can only challenge the propriety of a sentence, not the underlying conviction. Colo.Rev.Stat. 18-1-409. The proper procedural route for state review of Bailey's underlying conviction based on the guilty plea is Colo.R.Crim.P. 35(c)(2). People v. Bailey, No. 90CA2141, slip. op. (Colo.App. June 25, 1992). See also, Chae v. People, 780 P.2d 481 (Colo.1989). Thus, Bailey has not followed the proper procedural route to obtain relief in the state courts, thus depriving the Colorado Supreme Court an opportunity to speak on the merits of his claim. The Colo.R.Crim.P. 35(c) remedy remains open to Bailey, allowing him to collaterally attack his conviction.[2] Therefore, Bailey has not properly exhausted possible state remedies for his first three claims.
 
 
 7
 In addition, Bailey has not exhausted the Colo.R.Crim.P. 35(c)(2) remedy for his fourth claim, nor did he attempt to obtain review by any other means. See Colo.R.Crim.P. 35(c)(2)(VI).
 
 
 8
 The order of the district court dismissing Bailey's 2254 petition is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We note, however, that Bailey may only have a short time in which to file his Colo.R.Crim.P. 35(c) action, since Colo.Rev.Stat. 16-5-402 provides a three-year limitation on collateral actions from the date of conviction, unless he can show cause for the delay. It appears that this three-year period may expire in December