**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1998**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

JAMES ROBERT BAILEY,

      Petitioner-Appellant,

v.

RANDY HENDERSON, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 98-1044
(D.C. No. 97-B-1534)
(Colorado)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James R. Bailey appeals the district court's holding that his action under 28 U.S.C. § 2254 is procedurally barred. For the reasons set out below, we deny Mr. Bailey's motions to proceed on appeal informa pauperis and for a certificate of appealability, and we dismiss the appeal.

The procedural history to this action is complicated. Prior to pleading guilty to various narcotics offenses, James R. Bailey claimed he was denied his right to a speedy trial. After he was sentenced, he attempted to appeal his conviction directly. The Colorado Court of Appeals dismissed his claim on the grounds that guilty pleas could be reviewed only on collateral attack, not on direct appeal. Mr. Bailey petitioned for a writ of certiorari, which the Colorado Supreme Court denied. He then filed for habeas corpus relief pursuant to 28 U.S.C. § 2254. This court affirmed the district court's holding that Mr. Bailey had not exhausted his state remedies and dismissed his petition. *See Bailey v. Wilson*, 1993 WL 487942 (10th Cir. filed Nov. 28, 1993).

Thereafter, Mr. Bailey properly appealed his guilty plea in state court, alleging a violation of his statutory and constitutional right to a speedy trial. The Colorado Court of Appeals denied relief. He again petitioned the Colorado Supreme Court for a writ of certiorari. He made no mention of his Sixth Amendment right to a speedy trial, however, but instead focused solely on his statutory right to a speedy trial under Colorado law.

After his second petition for a writ of certiorari was denied, Mr. Bailey filed this section 2254 action in federal court[1] claiming 1) a violation of his Colorado statutory right to a speedy trial, 2) a violation of his constitutional right to a speedy trial, and 3) a denial of his right to a direct appeal of the state trial court's dismissal of his speedy trial motion.[2] The magistrate recommended dismissal of the petition because Mr. Bailey did not raise the constitutional issue in his second petition for a writ of certiorari and consequently that claim was not properly exhausted. The district court dismissed the petition as procedurally barred.

Mr. Bailey raises the same issues on appeal. His claims under Colorado law are not properly before us because section 2254 authorizes a habeas corpus action only for violations of the federal Constitution, not for state law claims. *See* 28 U.S.C. § 2254(a). We agree with the decisions below finding Mr. Bailey's Sixth Amendment claim is procedurally barred because he did not exhaust his

---

[1] This petition does not constitute "a second or succesive petition" under 28 U.S.C. § 2244(b)(3)(A) because Mr. Bailey's prior section 2254 petition was dismissed for failure to exhaust state remedies. *See McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997).

[2] The magistrate issued an order to show cause which stated, in part, "[p]etitioner shall remain in custody and within the jurisdiction of this court until further order." Mr. Bailey claims on appeal that prison officials relied on this language to revoke their prior decision to parole him, thereby violating his due process and equal protection rights. On March 23, 1998, Mr. Bailey was paroled in this case. This claim is therefore moot.

state court remedies with respect to this claim and can no longer do so. *See*

*COLO. REV. STAT. § 16-5-402 (1998)*. We therefore **DENY** Mr. Bailey's motions

to proceed informa pauperis and for a certificate of appealability and **DISMISS**

the appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge