RAYMOND WALLACE SHUMAN, APPELLANT, v. SHER-IFF OF CARSON CITY, NEVADA, RESPONDENT.

No. 7640

June 20, 1974                                    523 P.2d 841

*Horace R. Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, *Herbert F. Ahlswede,* Chief Deputy Attorney General, Carson City; and *Michael E. Fondi,* District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

In this appeal from an order denying a pretrial petition for habeas corpus we are asked to reverse because, (1) there was

insufficient evidence to establish probable cause to hold appellant for trial for murder (NRS 200.010, NRS 200.030(1)(b)); and, (2) the charge is proscribed because the prison disciplinary committee has already assessed appellant 29 days punishment "in the hole" for his involvement in the event. We reject both contentions.

1. The challenge to the sufficiency of the evidence is directed to several statements made by the deceased and admitted in evidence as dying declarations under NRS 51.335. Appellant argues the statements were not properly qualified as "dying declarations" because when they were made the deceased did not specifically say that he knew he was going to die.

Even if we assume, *arguendo,* the challenged statements were improperly admitted in evidence, other evidence in the record, which is not challenged, is sufficient to meet the requirement of NRS 171.206, that the charged offense was committed by appellant.

2. The trial and conviction of an inmate who has previously been disciplined by prison authorities for the same offense does not constitute double jeopardy. State v. Williams, 493 P.2d 258 (Kan. 1972); State v. Bowling, 459 P.2d 454 (Ore. 1969); United States v. Williamson, 469 F.2d 88 (5th Cir. 1972); United States v. Hedges, 458 F.2d 188 (10th Cir. 1972); United States v. Apker, 419 F.2d 388 (9th Cir. 1969); Patterson v. United States, 183 F.2d 327 (4th Cir. 1950), cert. denied, 340 U.S. 893 (1950).

Jeopardy does not attach until "the accused has been placed upon trial, upon a valid indictment, before a competent court, and a jury duly impaneled, sworn, and charged with the case, . . ." Ex Parte Maxwell, 11 Nev. 428, 434 (1876).

The order of the trial court is affirmed.