JAMES R. CARBONNEAU, Appellant, *v.* WARDEN OF THE NEVADA STATE PRISON, Respondent.

No. 12635

October 22, 1981 634 P.2d 1197

*Michael K. Powell,* Carson City, for Appellant.

490

*Richard H. Bryan,* Attorney General, and *Robert C. Manley,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

This is an appeal from a district court order denying post-conviction relief. NRS 177.315 authorizes relief from a conviction which is in violation of the United States Constitution or the constitution of this state. We find no constitutional violations and affirm the order below.

Following a plea of guilty Carbonneau was convicted on July 17, 1978 of the crime of attempted escape. Such conviction, he claims, is double jeopardy because he had already been punished by prison officials for the attempted escape. He did not raise the defense of double jeopardy at the time of his plea or at any time during the criminal proceedings.

This court held in Shuman v. Sheriff, 90 Nev. 227, 523 P.2d 841 (1974), that trial and conviction of an inmate who has previously been disciplined for the same offense does not constitute double jeopardy.

We are asked to reexamine the *Shuman* ruling in the light of later United States Supreme Court cases relating to successive prosecutions.[1] It is not necessary for us to consider this question, however, because failure to raise the defense of former jeopardy prior to his plea and criminal conviction constitutes a waiver of this legal defense. People v. Belcher, 520 P.2d 385, 388 (Cal. 1974).

---

[1]Breed v. Jones, 421 U.S. 519 (1974); Serfass v. United States, 420 U.S. 377 (1974); North Carolina v. Pearce, 395 U.S. 711 (1969).

At common law double jeopardy could be raised by plea *autrefois acquit* (already acquitted) or *autrefois convict* (already convicted). Prior to the enactment of the Nevada Criminal Procedure Law in 1967, the common law pleas were codified as special pleas of "once in jeopardy" and "former judgment of conviction or acquittal."[2] This court has recognized double jeopardy as a defense which must be pleaded and a defense which could be waived. *See* In re Somers, 31 Nev. 531, 538 (1909); State v. Johnson, 11 Nev. 273 (1876).

After enactment of the Nevada Criminal Procedure Law, the defense of double jeopardy was no longer raised as a "special plea" or plea in bar, but rather by motion before trial. By NRS 174.075(2)[3] the special pleas were "abolished," and the defenses formerly raised by such pleas can now be raised "only by motion to dismiss or to grant appropriate relief, as provided in [the Nevada Criminal Procedure Law]."

NRS 174.105[4] dictates that defenses and objections based on defects in the institution of the prosecution (other than certain specified defenses) "may be raised only by motion before trial." It is further provided that all defenses and objections available to the defendant must be included. Failure to do so "constitutes a waiver thereof."

Based on the language of NRS 174.075(2) and 174.105, we hold that the defense of double jeopardy may be raised only by motion before trial and that failure to so raise it constitutes a waiver.

---

[2]1911 Cr. Prac. § 256; RL § 7106.

[3]NRS 174.075(2) provides as follows:

All other pleas, and demurrers and motions to quash are abolished, and defenses and objections raised before trial which heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief, as provided in this Title.

[4]NRS 174.105 provides as follows:

1. Defenses and objections based on defects in the institution of the prosecution, other than insufficiency of the evidence to warrant an indictment, or in the indictment, information or complaint, other than that it fails to show jurisdiction in the court or to charge an offense, may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant.

2. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.

3. Lack of jurisdiction or the failure of the indictment, information or complaint to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.

Since appellant has failed to raise the defense of double jeopardy by motion or otherwise before trial or at any time during the criminal proceedings, he will be deemed to have waived the defense; therefore post-conviction relief on this ground was properly denied.

Appellant also charges that he was deprived of his liberty without due process of law. There is nothing in the record to suggest that due process was denied during the entry of the plea or at any stage leading up to the judgment of conviction. Certainly alleged due process irregularities in the prison proceedings cannot be relied upon to set aside the criminal conviction.

The trial court was correct in denying post-conviction relief. We affirm.

GUNDERSON, C. J., and MANOUKIAN and MOWBRAY, JJ., and ZENOFF, Sr. J.,[5] concur.