JAMES R. CARBONNEAU, Appellant, *v.* WARDEN OF THE NEVADA STATE PRISON, Respondent.

No. 12635

March 10, 1983                              659 P.2d 875

*Michael K. Powell,* Carson City, for Appellant.

*Brian McKay,* Attorney General, *Robert C. Manley,* and *Charles P. Cockerill,* Deputy Attorneys General, Carson City, for Respondent.

_____

## OPINION

By the Court, SPRINGER, J.:

In Carbonneau v. Warden, 97 Nev. 489, 634 P.2d 1197 (1981), we held that petitioner waived any defense of double jeopardy by failing to raise it in the district court.

On petition for rehearing our attention is called to the fact that petitioner Carbonneau did bring a motion to dismiss the criminal information although such motion did not appear in the record at the time our original opinion was issued in this case. Under these circumstances we have decided to grant rehearing, to withdraw the original opinion issued in this matter and to address now the constitutional double jeopardy arguments raised by Carbonneau.

On December 15, 1977 Carbonneau tried to escape from the Nevada State Prison. He was apprehended and placed immediately in "punitive segregation." Formal administrative charges were filed by prison authorities. A hearing was held on December 29 and Carbonneau was found "guilty" and "sentenced" to fifteen days punitive detention with credit being given for the fifteen days served. On July 17, 1978 he pleaded guilty to the crime of attempted escape, NRS 212.090, and judgment of conviction was entered on that date. He claims that the July conviction is barred by the double jeopardy clause because such a conviction would result in his being punished twice for the same conduct.

The question before us is whether or not the administrative sanction constitutes punishment so as to be a bar to the later criminal conviction. This precise issue was decided in the case of State v. Killebrew, 327 N.W.2d 155 (Wis.App. 1982).

In the *Killebrew* case it was held that thirty days' "program segregation" imposed on an escaped prison inmate does not, of itself, constitute "punishment" within the constitutional double jeopardy meaning of that term and that subsequent criminal prosecution was not barred. The reasoning of the court was that prison authorities could legitimately impose administrative sanctions reasonably related to recognized procedures in dealing with prison discipline and control and that administrative action rather than punishment was "central" to the imposed sanction. Consequently the segregation was held not to be a bar to later criminal prosecution.

We agree with the reasoning in the *Killebrew* case and find the instant case to present even a stronger argument for ruling that the segregation was administrative rather than punitive in nature.

Although our prison code calls it "punitive" segregation rather than "program" segregation there is no appreciable difference between the procedures in *Killebrew* and here. *Killebrew* recognized that although there were punitive aspects to administrative segregation, any such punishment was an incident of other proper governmental purposes, namely, institutional control, correction of objectional behavior and rehabilitation. These factors are all involved here.

There is an added factor in the case before us, and that is the nature of the segregation. Caught in the act of attempting to escape, Carbonneau was segregated immediately from the rest of the prison population clearly as a measure of necessary security. He remained in segregation for fifteen days. On his fifteenth day of confinement he was tried administratively and found guilty of attempted escape. He was given credit for time served and presumably released. It would appear that Carbonneau's immediate and summary segregation was much more administrative in nature than was the segregation in *Killebrew* and that his fifteen days' segregation was an administrative expedient imposed apart from any possible intention to try, convict and punish him.

Carbonneau's segregation does not constitute such punishment as would, under the double jeopardy clause, bar his conviction for the criminal offense. The district court's denial of appellant's petition for writ of habeas corpus is therefore affirmed.

MANOUKIAN, C. J., MOWBRAY and GUNDERSON JJ., and ZENOFF, SR. J.,[1] concur.