**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Darrell R. SMITH, Jr., Defendant–Appellant.**

**No. 90CA0844.**

Colorado Court of Appeals, Div. A.

Oct. 10, 1991.

Rehearing Denied Oct. 31, 1991.

Certiorari Denied April 13, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cherner & Blackman, Philip A. Cherner, Barbara Blackman, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, Darrell R. Smith, Jr., appeals the order of the trial court denying his motion for post-conviction relief. We reverse and remand with instructions.

In a proceeding in Denver in 1985, defendant entered a plea of guilty to a charge of second degree forgery and received a deferred judgment. In 1987, while the revocation on the deferred judgment was pending in Denver, defendant entered pleas of guilty to various offenses in Moffat County. Those pleas apparently were induced in part by an agreement with the prosecutor that sentences for all pending charges, including the one in Denver, would be con-

current. In 1988, defendant's deferred judgment in Denver was revoked, and the trial court sentenced him to six years imprisonment, consecutive to the Moffat County sentences.

Defendant's direct appeal of the sentence was unsuccessful, and he filed a motion for post-conviction relief in Denver District Court, seeking specific performance of the Moffat County plea agreement, which defendant contends included the Denver deferred judgment revocation. The trial court denied the motion, finding that defendant should seek relief in Moffat County.

On appeal, defendant contends that he is entitled to specific enforcement of the Moffat County prosecutor's promise that he would receive a concurrent sentence in the Denver case. Relying on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), he argues that the trial court must vacate the consecutive sentence and resentence defendant to a concurrent term in compliance with that plea bargain. We disagree.

■■■ Contrary to defendant's contention, a prosecutor cannot bind a trial court as to sentencing determinations. A prosecutor can only make sentence recommendations, not promises, Crim.P. 11(f)(2)(I), and sentencing determinations remain within the discretion of the trial court regardless of plea agreements between the prosecution and the defense. *See People v. McGhee*, 677 P.2d 419 (Colo.App.1983). Thus, a court is not bound to accept a prosecutor's sentence recommendations, and in fact, is statutorily mandated to "exercise an independent judgment" in deciding whether to grant sentencing concessions in plea bargain situations. Section 16–7–302, C.R.S. (1986 Repl. Vol. 8A).

"Hence, [Crim.P. 11(f)(2)(I) ] clearly contemplates that a defendant should be permitted to withdraw his guilty plea where the trial court chooses not to follow the prosecutor's sentence recommendation, regardless of whether the prosecution has promised that the court will follow the recommendation." *People v. Wright*, 194 Colo. 448, 573 P.2d 551 (1978).

Relying on *Santobello v. New York, supra*, defendant argues however, that once the Moffat County trial court "accepted" the plea bargain agreement, the Denver trial court became "powerless to impose anything but a concurrent sentence." We do not agree.

*Santobello v. New York, supra*, concerned a plea bargain agreement between defendant and an assistant district attorney. The original prosecutor had promised to make no recommendation as to sentence, but a new assistant district attorney who appeared at the sentencing hearing recommended the maximum sentence, which the trial court ultimately imposed. The United States Supreme Court, in an "appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty," held that the latter prosecutor could be bound by the promised sentencing recommendation made to the defendant by the prior prosecutor. Although the *Santobello* court held one prosecutor accountable for the promises of another concerning a promised sentence recommendation, the ultimate sentence defendant was to receive remained within the discretion of the trial court.

None of the cases cited by defendant hold to the contrary. *See United States v. Harvey*, 791 F.2d 294 (4th Cir.1986) (specific enforcement of plea bargain ordered barring United States attorney or any prosecutory agency from further prosecution of defendant); *United States v. Carter*, 454 F.2d 426 (4th Cir.1972) (hearing ordered on whether defendant's alleged plea bargain with assistant United States attorney concerning additional prosecution should be enforced); *State v. Burson*, 698 S.W.2d 557 (Mo.App.1985) (holding that plea bargain promise of one state prosecutor is binding on all); *People v. Wantland*, 78 Ill.App.3d 741, 34 Ill.Dec. 92, 397 N.E.2d 548 (1979) (promise by prosecutor in one county not to file probation revocation charges specifically enforceable against prosecutor in other county).

Thus, the "case law authorities which permit a plea agreement to be enforced by a defendant [referring to *Santobello v.*

*New York* and similar authority] may not be interpreted to foreclose the [sentencing] discretion of the trial [court]." *People ex rel. Van Meveren v. District Court,* 195 Colo. 34, 575 P.2d 4 (1978) (rejecting challenge to trial court's authority pursuant to Crim.P. 35 to modify a sentence previously imposed as part of a plea agreement).

■ Accordingly, even if we assume that the imposition of a concurrent sentence in Denver was part of the plea agreement between defendant and the Moffat County prosecutor, and even if that agreement was binding on the prosecution in Denver, *see State v. Burson, supra,* the Denver trial court did not have to follow it. *See People v. Wright, supra;* § 16–7–302, C.R.S. (1986 Repl. Vol. 8A).

■ In its denial of defendant's motion on the grounds that defendant should seek relief in Moffat County, however, the Denver trial court did not address the question of the scope of the plea bargain or its purported effect on the Denver prosecutor. Nor did the court state whether it would, in its sentencing discretion, follow or reject the terms of the agreement, if any. And, until and unless the trial court in Denver specifically refuses to follow the alleged sentence recommendation in the Moffat County plea agreement, defendant has no grounds to seek a withdrawal of his plea in Moffat County.

In these circumstances, defendant argues, the case should be remanded to the trial court for an evidentiary hearing. We agree. The trial court's ruling here that the defendant's remedy was to file a Crim.P. 35(c) motion in Moffat County was not necessarily incorrect; it was, however, premature.

On remand, if the court determines that the Denver sentence was not within the scope of the plea agreement, then its inquiry ends. On the other hand, if the court determines that a concurrent sentence on the Denver charge was part of that plea bargain, it must decide whether or not to follow it. If it chooses to follow the plea bargain, there will be no need for the defendant to go back to Moffat County. The matter would be moot. However, if the Denver court decides not to follow the plea bargain, we agree with the trial court that the defendant's remedy then would be to file a motion to withdraw his plea in Moffat County. *See People v. Wright, supra.*

The order is reversed, and the cause is remanded to the trial court with directions to hold an evidentiary hearing on the issue of whether a concurrent sentence in Denver was within the scope of the plea agreement between the defendant and the Moffat County prosecutor and, in light of that determination, either to grant or deny defendant's request to be sentenced to a concurrent term.

STERNBERG, C.J., and NEY, J., concur.