**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Steve WATSON, Defendant–Appellant.**

**No. 93CA0565.**

Colorado Court of Appeals, Div. IV.

Aug. 11, 1994.

Rehearing Denied Sept. 15, 1994.

Certiorari Denied April 3, 1995.

error. We disagree with both of these contentions and affirm.

## I.

■ As pertinent here, the double jeopardy clauses of the United States and Colorado Constitutions protect an accused against a second prosecution for the same offense after conviction and protect against multiple punishments for the same offense. *Boulies v. People,* 770 P.2d 1274 (Colo.1989). If each of two successive offenses contains the same elements, they are the "same offense" for double jeopardy purposes, and the latter prosecution is barred. *United States v. Dixon,* 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *People v. Allen,* 868 P.2d 379 (Colo.1994).

Here, the trial court denied defendant's motion to dismiss on the basis that a criminal prosecution is not barred under double jeopardy principles by a prior administrative proceeding involving the same acts. Defendant argues that the trial court applied an incorrect legal analysis because it did not determine whether the finding of guilt at the administrative hearing involved the "same elements" as the second degree assault. We do not agree because we conclude that the "same elements" test is irrelevant here.

■ Double jeopardy provisions apply only to criminal or quasi-criminal proceedings. *People v. Milton,* 732 P.2d 1199 (Colo. 1987). Some "non-criminal" sanctions are so punitive, however, or so unrelated to their remedial goal, that they may be considered criminal for double jeopardy purposes although the proceedings in which they are exacted are labeled "civil."

Such a punitive sanction, to the extent that it serves only the purpose of retribution and deterrence as opposed to furthering any nonpunitive objective, may render the underlying proceeding "criminal" in nature. *See State v. Killebrew,* 109 Wis.2d 611, 327 N.W.2d 155, 159 (App.1982) ("A proceeding is criminal, for double jeopardy purposes, if it imposes a sanction intended as punishment."); *see also United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); *Bell v. Wolfish,* 441 U.S. 520, 538, 99

Gale A. Norton, Atty. Gen., Stephen K. ErckenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, David M. Furman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, Steve Watson, appeals from a judgment of conviction entered on a jury verdict of guilty of second degree assault on a prison official. He contends on appeal that a prior prison disciplinary proceeding and accompanying sanctions bar subsequent criminal prosecution under principles of double jeopardy. He also alleges instructional

S.Ct. 1861, 1873, 60 L.Ed.2d 447, 468 (1979) ("A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.").

Contrary to defendant's contentions, the purpose of a prison disciplinary proceeding is not primarily to punish, but to determine whether prison rules are broken and to maintain institutional order. *See Kodama v. Johnson*, 786 P.2d 417, 420 (Colo.1990) ("Judicial review of prison disciplinary proceedings must take into account the correctional setting of the proceeding and the state's interest in the safe and efficient operation of its prison system."); *cf. Moore v. People*, 171 Colo. 338, 467 P.2d 50 (1970) (search of cell not unreasonable in light of responsibility of prison officials to preserve order, discipline, and prison security); *People v. Blehm*, 44 Colo.App. 472, 623 P.2d 411 (Colo.App.1980).

Breaches of prison regulations reflect an inmate's disregard for rules of social and prison life and threaten prison security. Remediation of such infractions, therefore, is essential both to promote inmate rehabilitation and to maintain order. "Prison authorities must possess the means to enforce such regulations in an immediate way. Restraints directed toward that purpose do not, absent more, constitute 'punishment' within the constitutional meaning of that term." *State v. Killebrew, supra* 327 N.W.2d at 160; *see United States v. Newby*, 11 F.3d 1143, 1146 (3d Cir.1993) ("We do not believe that the Double Jeopardy Clause was ever intended to inhibit prison discipline.").

Furthermore, the specific discipline imposed here—loss of good time credit, transfer, and segregation—was not so grossly disproportionate to the remedial goal of maintaining prison order and discipline so as to render the sanction "punishment" for double jeopardy purposes.

■ Although the trial court found that the sanctions "lengthen and change [defendant's] sentence," his sentence was, in actuality, unaffected by the administrative discipline imposed. Loss of good time credits does not lengthen an inmate's sentence. To the contrary, good time and earned time credits do not constitute service of sentence,

but only serve the purpose of determining an inmate's parole eligibility date. *Jones v. Martinez*, 799 P.2d 385 (Colo.1990); *Kodama v. Johnson, supra* (good time credit may be forfeited for willful violations of prison rules and regulations); *see also* § 17–22.5–301(3), C.R.S. (1986 Repl.Vol. 8A).

Similarly, defendant's transfer to a maximum security facility and placement in segregation did not "change" his sentence. Rather, such transfer and placement decisions are purely administrative in nature and are "left to the broad discretion of prison administrators." *White v. People*, 866 P.2d 1371, 1373 (Colo.1994).

Hence, we conclude that the prison disciplinary proceeding against defendant was not a criminal prosecution implicating double jeopardy principles. Accordingly, an analysis of the elements of each offense was unnecessary. We note that, although on somewhat differing analyses, jurisdictions which have addressed the issue of prison discipline in the context of a double jeopardy challenge have reached similar results. *See United States v. Newby, supra; United States v. Rising*, 867 F.2d 1255 (10th Cir.1989); *Kerns v. Parratt*, 672 F.2d 690 (8th Cir.1982); *United States v. Stuckey*, 441 F.2d 1104 (3d Cir. 1971), *cert. denied*, 404 U.S. 841, 92 S.Ct. 136, 30 L.Ed.2d 76 (1971); *Carbonneau v. Warden of Nevada State Prison*, 99 Nev. 172, 659 P.2d 875 (1983); *Ketcher v. State*, 748 P.2d 536 (Okla.Crim.App.1988); *State v. Killebrew, supra*.

## II.

■ The jury was instructed, *inter alia*, to find defendant not guilty if the prosecution failed to prove each of the elements of second degree assault beyond a reasonable doubt. Defendant asserts that the instruction may be interpreted to mean that a not guilty verdict may not be entered if the prosecution fails to prove one element of the crime, but proves the remaining elements, and thus denied him due process by diminishing the prosecution's burden of proof. We disagree.

This argument was raised and rejected in *People v. Freeman*, 739 P.2d 856 (Colo.App. 1987). We agree with the reasoning in that

decision and determine it to be dispositive of this issue.

The judgment is affirmed.

HUME and BRIGGS, JJ., concur.