The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Victor D. FRAZIER, Defendant–Appellant.

No. 93CA0089.

Colorado Court of Appeals, Div. IV.

Sept. 8, 1994.

Rehearing Denied Oct. 6, 1994.

Certiorari Denied June 5, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Karen M. Gerash, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, Victor D. Frazier, appeals from the judgment of conviction and the sentence entered upon a jury verdict finding him guilty of escape and aggravated motor vehicle theft. We affirm.

In response to a stolen vehicle report, police officers stopped the car being driven by defendant. When the officers saw that defendant was wearing prison clothing, he was transported to jail where personnel from the Department of Corrections identified him as missing from the Territorial Correctional Facility.

Upon conviction, defendant was sentenced to concurrent terms of sixteen years for escape and six years for aggravated motor vehicle theft. His primary contention on appeal concerns the trial court's denial of his request for a preliminary hearing.

## I.

Although defendant does not dispute that a preliminary hearing can be waived, *see* Crim.P. 5, relying on *People v. Macrander*, 756 P.2d 356 (Colo.1988), he contends that he gave up his right to a preliminary hearing in reliance upon a plea agreement he had reached with the prosecution. Thus, he asserts, he regained that right when the trial court refused to accept the agreement. He argues that the absence of a preliminary hearing deprived him of the ability to acquire impeachment evidence and effect discovery, thus impairing his defense and requiring either a new trial, or alternatively, specific enforcement of his plea agreement. We disagree.

## A.

Initially we note that a preliminary hearing is designed to provide a judicial determination that probable cause exists to bind the accused over for trial. It is not intended to be a mini-trial or to afford defendant the opportunity to effect discovery. *Harris v. District Court*, 843 P.2d 1316 (Colo.1993). In any event, we find no error in the trial court's refusal to grant a preliminary hearing, and thus do not address whether defendant actually suffered any legally recognizable prejudice as a result.

## B.

In *Macrander, supra*, the defendant's plea agreement, which was conditioned upon his waiver of a preliminary hearing and a promise by the prosecution not to file any additional charges, was accepted by the court. The prosecution later sought to file additional charges, in violation of the agreement. In affirming the specific enforcement of the agreement by the dismissal of the additional charges, the supreme court reasoned that the defendant's waiver of a preliminary hearing in reliance upon the plea agreement implicated constitutional interests because "his liberty may be restrained prior to trial either through incarceration or through conditions on his bail." *People v. Macrander*, 756 P.2d at 362.

*Macrander* is not controlling here.

First, the trial court found, and we agree, that defendant waived his preliminary hearing in an earlier appearance before any plea agreements had been finalized. Moreover, neither of the proposed plea agreements ultimately submitted to the trial court required that defendant waive his right to a preliminary hearing and neither proposed agreement was accepted by the court.

Thus, here, unlike in Macrander, the prosecution complied with its part of the bargain; the fact that the trial court did not accept it does not invalidate the waiver. *Cf. People v. Smith*, 827 P.2d 577 (Colo.App.1991). As we read the *Macrander* decision to be quite fact-specific, we decline defendant's invitation to extend its principles to a situation, as here, in which defendant does not waive a preliminary hearing as a condition of a finalized plea agreement.

■ Secondly, contrary to defendant's contention, the *Macrander* decision does not imply that a waiver of a preliminary hearing in reliance upon a proposed plea agreement necessarily implicates constitutional interests.

■ Although plea agreements are analogous in many ways to ordinary contracts, the basis for a right to performance of the government's part of the bargain lies in a defendant's detrimental reliance on the government's promise, not on a finding of a valid contract. *People v. Macrander, supra; see also People v. Fisher*, 657 P.2d 922 (Colo. 1983); *People v. Smith, supra.*

Here, defendant suffered no loss of liberty prior to trial attributable to the proposed agreements because he already was serving a life sentence for first degree murder. Thus, he failed to demonstrate any detriment incurred in reliance upon the anticipated plea agreement. As the trial court stated, "[There] are no constitutional rights implicated here where the defendant's continued incarceration comes not from his being charged in connection with this most recently alleged incident, but, rather, where he's doing a life sentence in connection with a murder conviction."

## II.

■ Prior to trial, defendant had appeared before a panel charged with implementing the Department of Corrections Code of Penal Discipline. He pled guilty to the charge of escape without force and was disciplined by thirty days punitive segregation with attendant loss of privileges. Defendant now asserts that the principles of double jeopardy prohibit his prosecution in a criminal proceeding when the incident underlying that proceeding had already been the subject of an internal disciplinary proceeding at the prison. We do not agree.

This argument was raised and rejected in *People v. Watson*, 892 P.2d 388 (Colo.App. 1994). That decision is dispositive of this issue.

### III.

■ Finally, defendant contends that the trial court abused its discretion in sentencing him to sixteen years in the Department of Corrections when his escape from custody lasted less than one hour. This contention is without merit.

■ Sentencing is, by its nature, discretionary, and the trial court is a better arbiter of facts than an appellate court because of its greater familiarity with the defendant and the circumstances of the case. Hence, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984).

■ When reviewing sentences for excessiveness, appellate courts must consider the nature of the offense, the character of the offender, and the public interest in safety and deterrence. *People v. Fuller,* 791 P.2d 702 (Colo.1990). Persons convicted of more grievous crimes present a greater threat to society, requiring greater penalties to help deter their criminal activities. *People v. McKnight,* 626 P.2d 678 (Colo.1981).

The record reflects the trial court's consideration of the appropriate factors, including defendant's present confinement for murder and his danger to society. Thereafter, because it found no extraordinary aggravating or mitigating factors, the court imposed a sentence at the midpoint of the presumptive range.

In so doing, the trial court implicitly and correctly concluded that the early apprehension of defendant, through no purposeful action on his part, was irrelevant.

Judgment and sentence affirmed.

HUME and PIERCE *, JJ., concur.