NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STATE OF ALASKA,

Appellant,

v.

JOHNNY B. JOHNSON,

Appellee.

Court of Appeals No. A-12166
Trial Court No. 3KN-11-1432 CR

O P I N I O N

No. 2534 — January 27, 2017

Appeal from the District Court, Third Judicial District, Kenai, Margaret L. Murphy, Judge.

Appearances: Timothy W. Terrell, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellant. Johnny B. Johnson, *in propria persona*, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

While Johnny B. Johnson was incarcerated at the Spring Creek Correctional Center in connection with another criminal case, he assaulted a corrections officer. For

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

this act, Johnson was charged with fourth-degree assault.[1]  While this fourth-degree assault charge was pending, Johnson was disciplined by the Department of Corrections for the assault:  Johnson received 60 days of punitive segregation, and he lost 185 days' good time credit.

The district court ruled that, because Johnson received this prison discipline, it would be unlawful for the Department of Law to pursue its separate fourth-degree assault prosecution against Johnson.  The district court concluded that the prison discipline constituted a criminal punishment for purposes of the double jeopardy clause — and that it would be unconstitutional for the State to impose any additional punishment on Johnson for the assault.  The court therefore dismissed the still-untried fourth-degree assault charge.  The State then filed this appeal.

Forty-five years ago, the Alaska Supreme Court held that a defendant's loss of good time credit in a prison disciplinary proceeding does *not* constitute a punishment for double jeopardy purposes.  *See Alex v. State*, 484 P.2d 677, 683-84 (Alaska 1971).

Given the decision in *Alex*, there is only one viable ground for upholding the district court's decision in Johnson's case:  the argument that punitive segregation should be viewed as a criminal punishment for jeopardy purposes — because, as the label "punitive" implies, this type of segregation is imposed as a punishment for misconduct in prison (as opposed to administrative segregation).

Courts from other jurisdictions are unanimous in holding that punitive segregation does not constitute a criminal punishment for purposes of the double

---

[1]  AS 11.41.230(a).

jeopardy clause, and that the imposition of punitive segregation by prison officials does not bar a subsequent criminal prosecution for the same misconduct. [2]

We likewise conclude that short-term punitive segregation, such as the 60-day segregation imposed on Johnson in this case, does not constitute a punishment for double jeopardy purposes — and that the State is therefore entitled to pursue its criminal prosecution against Johnson for fourth-degree assault.

The judgement of the district court is REVERSED.

---

[2] State Courts: *People v. Frazier*, 895 P.2d 1077, 1079 (Colo. App. 1994); *State v. Santiago*, 689 A.2d 1108, 1110-11 (Conn. 1997), and *State v. Walker*, 646 A.2d 209 (Conn. App. 1994); *Commonwealth v. Forte*, 671 N.E.2d 1218, 1220 (Mass. 1996); *State v. Lynch*, 533 N.W.2d 905, 909-911 (Neb. 1995); *Carbonneau v. Warden, Nevada State Prison*, 659 P.2d 875, 875-76 (Nev. 1983); *People v. Vasquez*, 678 N.E.2d 482, 486-89 (N.Y. 1997); *Commonwealth v. Brooks*, 479 A.2d 589, 593 (Pa. App. 1984); *State v. Beck*, 545 N.W.2d 811, 816 (S.D. 1996); *State v. Harrison*, unpublished, 1997 WL 593835, *1 (Tenn. Crim. App. 1997); *Ex Parte Hernandez*, 953 S.W.2d 275, 282-85 (Tex. Crim. App. 1997).

Federal Courts: *United States v. Hernandez-Fundora*, 58 F.3d 802, 807 (2nd Cir. 1995); *Patterson v. United States*, 183 F.2d 327, 328 (4th Cir. 1950); *Mullican v. United States*, 252 F.2d 398, 400 (5th Cir. 1958); *United States v. Rising*, 867 F.2d 1255, 1259 (10th Cir. 1989), and *United States v. Boomer*, 571 F.2d 543, 546 (10th Cir. 1978); *Dayutis v. Powell*, unpublished, 1994 WL 258785, *6 (D. N.H. 1994); *Gloria v. Miller*, 658 F.Supp. 229, 235 (W.D. Okla. 1987).